## HURWITZ v. UNITED STATES.

### No. 5408.

Court of Appeals of District of Columbia.

Argued Oct. 7, 1931.

Decided Nov. 2, 1931.

James A. O'Shea and John H. Burnett, both of Washington, D. C., for appellant. .

Leo A. Rover and James F. Hughes, both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

On November 4, 1930, an indictment in three counts was returned against appellant, charging him with the illegal transportation, sale, and possession of intoxicating liquor.

It is conceded that at that time the provisions of the Act of March 2, 1929 (chapter 473, 45 Stat. 1446 [27 USCA §§ 91, 92]), known as the Jones Act, applied, and that the penalty for each offense under that act was a fine of not more than $10,000, or imprisonment not to exceed five years, or both, with the proviso that the court in passing sentence should discriminate between casual offenders and habitual offenders or persons attempting to commercialize violations of the liquor law. The proviso was "only a guide to the discretion of the court in imposing the increased sentences for those offenses for which an increased penalty is authorized by the act." Husty v. United States, 282 U. S. 694, 702, 51 S. Ct. 240, 242, 75 L. Ed. 629.

It is contended that the Act of January 15, 1931 (chapter 29, 46 Stat. 1036 [27 USCA § 91]), amending the Jones Act, applies. That act provides that any person violating the provisions of the National Prohibition Act by a sale of not more than one gallon of liquor, unless he be an habitual offender, etc., shall be subject to a fine not to exceed $500 or be confined in jail, without hard labor, not to exceed six months, or both.

The government relies upon section 29, tit. 1, U. S. C. (1 USCA § 29), providing that the repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing act shall so expressly provide, and that such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

In Maceo v. United States, 46 F.(2d) 788, where the same question was involved as here, the Circuit Court of Appeals for the Fifth Circuit ruled that under the provisions of section 29, tit. 1, U. S. C. (1 USCA § 29), the Act of January 15, 1931 (chapter 29, 46 Stat. 1036), had no application to pending cases, and that, therefore, the prosecution was properly had and sentence imposed under the Jones Act of March 2, 1929 (chapter 473, 45 Stat. 1446). We concur in this view. As to habitual offenders, and as to all offenders where more than a gallon of liquor is involved, the Jones Act is still in force. The effect of the act of January 15, 1931, was to repeal so much of the Jones Act as applied to offenders not habitual and whose offense did not involve more than a gallon of liquor.

Judgment affirmed.

Affirmed.