## UNITED STATES v. RICCARDI.

### No. 10319.

United States Court of Appeals
Third Circuit.

Argued April 2, 1951.

Decided April 25, 1951.

Frederic M. P. Pearse, Newark, N. J., for appellant.

Charles J. Tyne, Asst. U. S. Atty., Newark, N. J. (Grover C. Richman, Jr., U. S. Atty., Camden, N. J., on the brief), for appellee.

Before BIGGS, Chief Judge, and MARIS and GOODRICH, Circuit Judges.

BIGGS, Chief Judge.

The appellant filed a petition under Section 2255, Title 28, U.S.Code, seeking to have the court below set aside the judgment of conviction entered against him. He bases his application for a new trial on the grounds of alleged newly discovered evidence. The appellant had been convicted on two counts with violations of Section 415 [now § 2314] Title 18, U.S. Code. He was charged with unlawfully transporting in interstate commerce chattels valued at $5,000 or more belonging to Doris Farid es Sultaneh which he knew had theretofore been stolen or feloniously taken by fraud. There was testimony by an expert witness, Barlow, that the chattels transported as set out in each count were worth $5,000 or more. The judgment of conviction was appealed to this court and was affirmed, 3 Cir., 174 F.2d 833, certiorari denied, 337 U.S. 941, 69 S.Ct. 1519, 93 L.Ed. 1746. The appellant was first sentenced to ten years in prison and to pay a fine of $10,000 but on October 5, 1949 his sentence was reduced to imprisonment for seven years and to the payment of the fine.

The alleged new evidence upon which the appellant relies is contained in a recent affidavit prepared by the appellant and signed by Doris Farid es Sultaneh in which she swears that the value of the goods transported as set out in each count was less than the critical amount of $5,000, as provided by Section 415, Title 18, U.S. Code. This lady was present at the trial and testified against the appellant but made no statement as to the value of the chattels which she alleged the appellant had unlawfully transported in interstate commerce. The court below refused to attach much weight to the affidavit and denied the appellant's motion. The appeal at bar followed.

In United States v. Gallagher, 3 Cir., 183 F.2d 342, 344, this court had occasion to pass upon the scope of Section 2255. We stated: "Relief under Section 2255 may be granted only where it appears that 'the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.' Motions under this section may not be used to review the proceedings of the trial as upon appeal but merely to test their validity when judged upon the face of the record or by constitutional standards. The purpose of the section was not to confer a broader right of attack upon a judgment and sentence than might be made by habeas corpus but rather to provide that the attack which theretofore might have been made in some other court through resort to habeas corpus must now be made in the court where the sentence was imposed unless it should appear that this remedy was inadequate."

Assuming, and it is a difficult assumption, that the contents of the affidavit referred to fall within the category of newly discovered evidence, it is obvious that the appellant has no remedy under Section 2255. He seeks to review the proceedings of the trial as upon appeal. The judgment of conviction was valid on the face of the record and by constitutional standards. We may remark parenthetically that we view the contents of the affidavit upon which reliance is placed with skepticism. The fact that the affiant, Doris Farid es Sultaneh, testifying at length on other subjects at the trial, stood mute when Barlow, the expert, was testifying as to values, making no attempt to then contradict him, casts grave doubt on the veracity of her statements in the affidavit.

The order of the court below will be affirmed.