**MOOREHEAD v. HUNTER, Warden, et al.**
No. 4463.

United States Court of Appeals
Tenth Circuit.

July 1, 1952.

John P. Holloway, Denver, Colo., for appellant.

Ernest J. Rice, Ass't U. S. Atty., Topeka, Kan. (Lester Luther, U. S. Atty., Topeka, Kan., on the brief), for appellees.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

This is an appeal from the judgment of the trial court, discharging a writ of habeas corpus and remanding appellant to the custody of Walter A. Hunter, Warden of the Federal Penitentiary at Leavenworth, Kansas. The facts are these. On June 7, 1946, appellant was committed to serve a three year sentence for violation of the

Dyer Act [1948 Revised Criminal Code, 18 U.S.C.A. § 2311 et seq.]. The maximum expiration date of the sentence, without good time, was June 6, 1949. Appellant earned 304 days of good time, which made him eligible for conditional release and he was released on August 6, 1948.

On August 22, 1948, appellant was committed to the United States Penitentiary for three years on another offense. The maximum expiration date under that sentence was August 21, 1952. By virtue of good time earned, he became eligible for release under that sentence October 13, 1951. A warrant for an alleged violation of his conditional release under the first sentence was issued by the United States Board of Parole February 24, 1949. The warrant was served on him on October 13, 1951, the date on which he was conditionally released from his second sentence. On November 13, 1951, the Board, pursuant to a hearing, issued a certificate of revocation, revoked his parole and remanded him to the custody of the warden to serve the remainder of the first sentence of 304 days less good time earned thereafter.

Appellant's claim to a release is based upon 18 U.S.C.A. § 4164, as amended June 29, 1951, which reads as follows: "A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days." Appellant's contention is that since there remained less than 180 days of his original sentence when the parole violator's warrant was issued he could not be returned to the institution. Original Section 4164 was amended by the Act of June 29, 1951, by adding thereto the following: "less one hundred and eighty days." Prior to the amendment, a conditional parole could be revoked for cause any time prior to the expiration of the maximum release date. Thereafter it could be revoked only if at least 180 days of the original sentence remained. The precise question before us is whether the amended section applies to an infraction or violation of a conditional parole on which a parole violator's warrant was issued prior to the effective date of the Amendment of June 29, 1951, although the hearing or trial thereon was not had until after such effective date. Apparently this question has not arisen in any case and is one of first impression.

Appellant relies upon the common law principle quite generally followed by the federal and state courts alike that where a criminal statute is amended, lessening the punishment, a defendant is entitled to the benefit of the new act, although the offense was committed prior thereto. It is conceded that these principles apply only when there is no general saving statute or a specific saving clause in the repealing statute. Concerning these principles, there is no dispute and, therefore, citation of authorities and their discussion and analysis would not be helpful.

While conceding that there is no saving clause in the Amendment of June 29, 1951, appellee contends that general savings clause, 1 U.S.C.A. § 109, applies and requires that the validity of the revocation in this case be determined by 18 U.S.C.A. § 4164, as it was prior to the amendment. 1 U.S.C.A. § 109 provides that "The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability." Appellant's reply to this contention is that this section applies only in case of a repeal of a statute and not when as here a statute is amended. With this attempted distinction we cannot agree. Whether an existing statute is specifically repealed and a new and different one is passed to replace it, or whether the existing statute is modified by amendment, is in our view immaterial. In either event, a new statute comes into being and the old one ceases to exist. We, therefore, hold that 1 U.S.C.A. § 109 must be considered with relation to the problem presented here the same as though old Section 4164 had been repealed and the present section had been passed in its stead.

Section 109 provides that the repeal of a statute shall not release or extinguish any penalty or forfeiture or liability incurred thereunder, unless the repealing act shall so expressly provide and that the repealed act shall remain in force for the purpose of sustaining any proper action or prosecution for the enforcement of a penalty, forfeiture, or liability. In United States v. Reisinger, 128 U.S. 398, 9 S.Ct. 99, 32 L.Ed. 480, the Supreme Court discussed the meaning of the terms " 'penalty, forfeiture, or liability' " and held that the term liability was intended to cover any form of punishment to which one subjects himself by violating the common laws of the country.

■■ The violations of the terms of a conditional parole bring into being a new offense for which, upon being found guilty in a proper proceeding, one may be punished. This is a new punishment not a part of the original punishment and consists of a forfeiture of good time. Here the new offense had been committed and the parole violator's warrant issued prior to the effective date of the 1951 Amendment. Had appellant been tried at once, the right of imposing the punishment or forfeiture of 304 days of good time clearly would have existed. The Amendment of June 29, 1951 did not extinguish the offense committed prior thereto nor deprive the Board of jurisdiction under the warrant, which likewise had been issued prior to the effective date of the amendment, to hear and determine the case, make findings, and inflict penalties therefor.

Such cases as Voorhees v. Cox, 8 Cir., 140 F.2d 132, upon which appellant relies, are distinguishable in principle and have no application here. All the Voorhees case held was that the savings statute did not preserve the old procedural requirements but it also held that the substantive rights and liabilities under the old statute remained in force and effect. We are here concerned with substantive rights and liabilities and not with procedural matters. This opinion is expressly limited in scope to the facts as they appear in this case.

Affirmed.