**UNITED STATES v. SEGELMAN.**
**Crim. A. No. 12645.**

United States District Court
W. D. of Pennsylvania.
Dec. 23, 1953.

John W. McIlvaine, U. S. Atty., Pittsburgh, Pa., for plaintiff.

No counsel for defendant

GOURLEY, Chief Judge.

This proceeding relates to a motion to vacate and set aside judgment and sentence imposed, 28 U.S.C.A. § 2255. It is contended in support of said motion, that:

1. The section of law under which petitioner was convicted (18 U.S.C.A. § 416 [1] which relates to the offense of receiving stolen property) was repealed prior to the date of sentencing.

2. Counts one and two of the indictment lacked sufficiency.

3. Insufficient evidence was adduced to support the indictment.

■ Relief pursuant to a motion to vacate and set aside judgment may be granted only where it appears that judgment was rendered without jurisdiction or that the sentence imposed was not authorized by law, or otherwise open to collateral attack, or that there may have been such a denial or infringement of the constitutional rights of the prisoner as to render such judgment vulnerable to collateral attack. U. S. v. Gallagher, 3 Cir., 183 F.2d 342; U. S. v. Riccardi, 3 Cir., 188 F.2d 416.

■ Petitioner's first contention clearly is without merit. The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture or liability incurred under such statute unless the repealing act shall so expressly provide. 1 U.S.C.A. § 109; Ex parte Lamar, 2 Cir., 274 F. 160, affirmed 260 U.S. 711, 43 S.Ct. 251, 67 L.Ed. 476.

■ In connection with petitioner's challenge of the sufficiency of counts one and two of the Indictment, the law is well settled that an indictment, the sufficiency of which is not questioned on the trial, will not be held insufficient on a motion to vacate the judgment entered thereon unless it is so obviously defective that by no reasonable construction can it be said to charge the offense for which the conviction was had. Klein v. U. S., 7 Cir., 204 F.2d 513; Aaron v. U. S., 4 Cir., 188 F.2d 446.

■ It is my considered judgment that the indictment was sufficient to support the judgment of conviction.

■ I can see no basis whatever in support of the argument advanced as to lack of sufficiency of the evidence.

Subsequent to the administration of the jury trial, the petitioner filed motions for arrest of judgment and/or a new trial under the provisions of Rules 33 and 34 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. I have abstained from a detailed analysis of the various matters which have been presented in the instant motion to vacate since a most exhaustive and careful consideration was given to the issues raised in said opinion. U. S. v. Segelman, D.C., 86 F.Supp. 114.

Subsequent to the imposition of sentence, after disposal of said motions, the petitioner appealed to the United States Court of Appeals for the Third Circuit, which appeal was subsequently dismissed by the appellate court for want of prosecution.

■ Questions as to the sufficiency of the evidence must be raised by a timely appeal from the sentence. Such questions cannot be considered in a petition to vacate the sentence. Howell v. U. S., 4 Cir., 172 F.2d 213; Crowe v. U. S., 4 Cir., 175 F.2d 799; Taylor v. U. S., 4 Cir., 177 F.2d 194.

■ Where the identical questions are considered on motion for new trial, such matters need not be discussed in detail on motion to vacate sentence. U. S. v. Anselmi, 3 Cir., 207 F.2d 312.

■ I believe that an additional hearing would prove repetitious and in no way could contribute to the disposition of the instant petition. Where the files and records of the case conclusively show that the prisoner is not entitled to relief, the present motion may be dismissed without

1. Now 18 U.S.C.A. § 2315.

a hearing and without the making of findings of fact and conclusions of law. U. S. v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; U. S. v. Fleenor, 7 Cir., 177 F.2d 482.

An appropriate order is entered.