**Robert T. DUFFEL, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 12338.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 22, 1954.

Decided Dec. 2, 1954.

Mr. Edward J. Skeens, Washington, D. C., for appellant.

Mr. Samuel J. L'Hommedieu, Jr., Asst. U. S. Atty., Washington, D. C., with whom Messrs. Leo A. Rover, U. S. Atty., Lewis Carroll and Edward O. Fennell, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before WILBUR K. MILLER, PRETTYMAN and BAZELON, Circuit Judges.

PER CURIAM.

On this appeal from the District Court's denial of appellant's motion under Title 28 U.S.C. § 2255 "to correct excessive sentence," the following is pertinent: When appellant was indicted on October 8, 1951 for violation of Title 21 U.S.C.A. § 174, that section provided for a maximum sentence of ten years. On November 2, 1951, that section was repealed by an amending act which provided for a maximum sentence of five years for a first offense.[1] The amending act also provided that "Any rights or *liabilities* now existing under the laws or parts thereof repealed by this Act shall not be affected by such repeal."[2] On November 7, 1951, appellant pleaded guilty and thereafter the court imposed a sentence of from three to nine years for a first offense under the authority of the repealed provision.

Appellant contends in this court, as he did below, that sentence could not be imposed under the repealed section. We cannot agree. "The effect of its repeal is to be determined with due regard for Title 1 U.S.C.A. § 109 which provides that no penalty, forfeiture or liability incurred under a repealed statute shall be

---

1. 65 Stat. 767–69.

2. 65 Stat. 769, § 6, 21 U.S.C.A. § 174 note. Emphasis supplied.

affected by the repeal 'unless the repealing Act shall so expressly provide.' The repealing act [in this case 65 Stat. 769] * * * not only did not so expressly provide but expressly provided that 'Any rights or liabilities now existing * * * shall not be affected by [such] repeal.' "[3]

Affirmed.

Before EDGERTON, PRETTYMAN, and BAZELON, Circuit Judges.

3. United States v. Kirby, 2 Cir., 1949, 176 F.2d 101, 104; Hiatt v. Hilliard, 5 Cir., 1950, 180 F.2d 453; Hurwitz v. United States, 1931, 60 App.D.C. 298, 53 F.2d 552.