The **UNITED STATES** of America

v.

**Edward Paul WASHINGTON,**
Appellant.

No. 12009.

United States Court of Appeals
Third Circuit.

Submitted Oct. 1, 1956.

Decided Oct. 3, 1956.

Edward P. Washington, pro se.

Herman Scott, U. S. Atty., James R. Lacey, Asst. U. S. Atty., Newark, N. J., for appellee.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

PER CURIAM.

Appellant was charged with unlawfully passing a forged and altered Post Office money order and with having in his possession another money order which he falsely altered in a material respect.

In open court, where he was represented by competent assigned counsel, he executed a written waiver of indictment. The waiver and an information against him were filed immediately thereafter. In response to the court's question, he said he understood that in those circumstances the information would have the same effect as if he had been indicted. The court also asked him if anyone had made any promises or like representations to him and appellant answered in

the negative. Through his attorney he pleaded guilty to both counts of the information. He was sentenced to two years on each with the sentences to run concurrently.

Sometime thereafter appellant moved that his sentence be modified or amended and for any other necessary relief. His sole ground, for the first time urged, was that after he was arrested he was questioned by Postal inspectors and Federal Bureau of Investigation agents prior to being arraigned. That the arraignment took place the same day as his arrest is inferentially admitted. Appellant does not deny his guilt of the offenses charged. He makes no contention that his confession in the course of the above referred to questioning was other than voluntary. And specifically, as he states in his brief, "He is not contesting the procedure that took place in the U. S. District Court at the time of appellant's trial, November 4, 1955 at Newark, N. J." The district judge, properly treating the motion as coming under 28 U.S.C. § 2255, denied it. From the order entered on that decision this appeal is taken.

Appellant makes the same argument as he did in the district court, namely, that he was interrogated after his arrest and before he was arraigned and was not then advised of his right to counsel. He alleges "he was denied legal procedure of 'due process of law' at the time of his arrest and detention on October 27, 1955" but there is no support for that assertion. And there is nothing indicating that after his arrest he was not brought before "the nearest available commissioner" in accordance with Rule 4(b) of the Federal Rules of Criminal Procedure, 18 U.S.C. and "without unnecessary delay" as Rule 5(a) of said Rules directs. We find no constitutional problem involved in this appeal. On the facts the McNabb decision, McNabb v. United States, 1943, 318 U.S. 332, 63 S. Ct. 608, 87 L.Ed. 819, and others cited by appellant have no pertinency.

Jurisdiction was present in the district court. The plea of guilty under the circumstances of this case waived all nonjurisdictional defects and defenses and admitted all the averred facts in the information. United States v. Gallagher, 3 Cir., 1950, 183 F.2d 342, 344. See also United States v. Riccardi, 3 Cir., 1951, 188 F.2d 416, 417.

Appellant's motion to be released on bail pending appeal which was returnable the same day this appeal was submitted is denied.

The judgment of the district court will be affirmed.