UNITED STATES of America

v.

Franklin JACEK.

Crim. No. 15682.

United States District Court
W. D. Pennsylvania.

July 31, 1961.

Wendell Stanton, Asst. U. S. Atty., Pittsburgh, Pa., for the United States.

Marjorie H. Matson, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

On January 15, 1959, a 22-count indictment was returned against this defendant.

Counts 1–10, in substance, charged that on or about November 18, 1958, the defendant received certain forged obligations of the United States with the intent that the same be passed, published

and used as true and genuine. Each of these counts referred to a separate specifically-numbered United States Postal Money Order, but the date that each money order was alleged to have been received was the same in each count, viz.: November 18, 1958.

Counts 11–20, in substance, charged that on or about December 30, 1958, the defendant with intent to defraud did forge certain United States Postal Money Orders. Each of these counts referred to a separate specifically-numbered United States Postal Money Order, the money order involved in count 11 being the same as that involved in count 1, the one in count 12 being the same as that involved in count 2, and so forth for the other counts to and including count 20.

The 21st count charged that the defendant "did knowingly possess, with intent to use, a counterfeited postmarking stamp * * *."

In count 22 the defendant was charged with having secreted without authority from the United States 399 blank United States Postal Money Order forms which were intended to be prepared, issued and put in circulation on behalf of the United States as papers, instruments, and obligations of the United States.[1]

On February 9, 1959, petitioner pleaded not guilty to the indictment, but on April 13, 1959, petitioner appeared with counsel before an associate Judge of this court and changed his plea to guilty as to all 22 counts.

On May 25, 1959, petitioner was sentenced by this court as follows:

(1) Count 1: Five years' imprisonment.

(2) Counts 2–10: Sentence suspended and defendant placed on probation for a period of three years.

(3) Counts 11–20: Sentence suspended and defendant placed on probation for a period of three years.

(4) Count 21: Five years' imprisonment.

(5) Count 22: Sentence suspended and defendant placed on probation for a period of three years.

It was provided that the imprisonment sentences were to be concurrent, and, likewise, that the probation sentences were to be concurrent and were to begin upon defendant's release from prison.

The matter here under consideration is petitioner's "Motion to Void Judgment Under indictment # 15682 in Criminal Case # 15682 Pursuant to Law Provided in Such Cases." We shall treat this motion as a motion to vacate under 28 U.S.C.A. § 2255.

Counsel was appointed to represent the petitioner in this matter and a hearing was held on July 6, 1961, on a rule to show cause why the defendant should not be produced in open court and testimony taken upon the averments of fact set forth in his motion.

We are satisfied that the petition raises only questions of law and does not require a hearing for the taking of testimony.

The petitioner's main contention is that the sentence imposed by this court on May 25, 1959, was invalid in that the indictment really charged but one crime whereas the court erroneously treated each count as a separate crime when it pronounced sentence.

We are of the opinion that the 5-year imprisonment sentence on count 1 is valid since it was within the maximum prescribed by Congress for the offense of receiving a forged government obligation. See: 18 U.S.C.A. § 473.

We agree with the petitioner, however, that the sentences imposed on counts 2–10 are invalid. It seems clear and reasonable that counts 1–10 relate to a single simultaneous transaction; viz.,

---

1. Although no specific section of the Criminal Code was cited in the body of the various counts, the caption read: "Sections 473, 500, 503 and 642 of Title 18 United States Code", and it is clear that counts 1–10 charge violations of 18 U.S.C.A. § 473, that counts 11–20 charge violations of 18 U.S.C.A. § 500, that count 21 charges a violation of 18 U.S.C.A. § 503, and that count 22 charges a violation of 18 U.S.C.A. § 642.

**154**

the receipt by petitioner on November 18, 1958, of 10 forged government obligations.

Section 473, 18 U.S.C.A., provides in its pertinent part as follows:

"Whoever * * * receives * * any false, forged, counterfeited, or altered obligation or other security of the United States, with the intent that the same be passed, published, or used as true and genuine, shall be fined not more than $5,000 or imprisoned not more than ten years, or both."

While we have found no case which construes the penalty provisions of § 473, the Supreme Court of the United States in Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905, had occasion to construe the penalty provisions of the Mann Act, 18 U.S.C.A. § 2421, and although that Act, of course, deals with an entirely different crime, it is couched in language substantially similar to that of § 473.

The Mann Act provides in its relevant parts as follows:

"Whoever knowingly transports in interstate or foreign commerce * * any woman or girl for the purpose of prostitution or debauchery, or for any other immoral purpose * * *.

"Shall be fined not more than $5,-000 or imprisoned not more than five years, or both." 18 U.S.C.A. § 2421.

In the Bell case, supra, 349 U.S. at pages 82–83, 75 S.Ct. at page 622, the Supreme Court after quoting the above portion of the Mann Act stated:

"Congress could no doubt make the *simultaneous* transportation of more than one woman in violation of the Mann Act liable to cumulative punishment for each woman so transported. The question is: did it do so? *It has not done so in words in the provisions defining the crime and fixing its punishment.*" (Emphasis supplied.)

■■ Section 473 is no more specific and unambiguous than is the Mann

Act in "defining the crime and fixing its punishment", and we think for that reason that § 473 should not be construed as providing for cumulative punishment for each forged obligation received in a single simultaneous transaction.

As was further said by the United States Supreme Court in the Bell case, supra, 349 U.S. at page 84, 75 S.Ct. at page 622:

"[I]f Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a *single transaction* into multiple offenses * * *." (Emphasis supplied.)

The probationary sentences on counts 2 to 10, inclusive, will be vacated.

■■ We think that the probationary sentences on counts 11–20 are valid. With apparent reference to these counts, petitioner asks: "[H]ow is it possible for petitioner to '*receive forged,* United States Postal Money Orders, and then *forge them?*'" [sic.] Although the instruments involved in these counts charging the petitioner with forging certain United States Postal Money Orders are the same as those involved in counts 1–10, wherein they were described as *forged obligations*, it is clear that they could have been partially forged when petitioner received them and further forged by petitioner thereafter. If petitioner is suggesting by the above-quoted question that he did not forge the money orders, his guilty plea has foreclosed his right to prove it. United States v. Gallagher, 3 Cir., 1950, 183 F.2d 342, certiorari denied 340 U.S. 913, 71 S.Ct. 283, 95 L.Ed. 659.

■ Nor do we think that the sentences imposed here are subject to the same objection as to those imposed at counts 1–10. While it is true that each of counts 11–20 charges that the petitioner forged the money orders on or about December 30, 1958, we think that the very nature of the act of forging 10 separate instruments makes the forgery of each instrument *a separate and dis-*

*tinct transaction*, and by that fact a separate and distinct crime.

In United States v. Carpenter, 9 Cir., 1907, 151 F. 214, at page 216, the court stated:

> "That the sentence on the third count was lawfully imposed there can be no doubt. That count charged the alteration of a money order with intention to defraud the United States. It is true that the time when the alteration is charged to have been made is the same date on which the money order described in the first count was alleged to have been altered; but it is none the less a separate and distinct forgery punishable under a separate indictment. 'Although several drafts may be *uttered* [or, we think, *received*] as one indivisible act, the *forgery* of each is a separate offense.'" (Emphasis supplied.)

 Little comment is necessary as to the sentences imposed on counts 21 and 22. Each count charged an offense clearly separate and distinct from the offenses charged in the other counts of the indictment, and the sentence imposed in each instance was within the limitations imposed by the particular statute violated.

 As to the suggestion made at oral argument by counsel for petitioner with reference to count 21 that it was unreasonable to suppose that the postmarking stamp referred to in that count was in fact counterfeited, suffice it to say that by his general plea of guilty, petitioner thereby admitted that the stamp was counterfeited and precluded himself from offering any evidence to the contrary.

In United States v. Gallagher, supra, 183 F.2d at page 344, the Court stated:

> "Here the appellant, with the advice of counsel, pleaded guilty to the indictment. That plea constituted an *admission of his guilt*, a waiver of all nonjurisdictional defects and defenses, *and admitted all the facts averred in the indictment*. The appellant, therefore, could not be heard

to challenge those facts in a habeas corpus proceeding. Nor can he do so upon a motion under Section 2255 to set aside the judgment of conviction." (Footnote references omitted; emphasis supplied.)

See also: Johnston v. United States, 8 Cir., 1958, 254 F.2d 239; United States v. Washington, 3 Cir., 1956, 237 F.2d 632; Lipscomb v. United States, 8 Cir., 1955, 226 F.2d 812; Torres Martinez v. United States, 1 Cir., 1955, 220 F.2d 740; Bloombaum v. United States, 4 Cir., 1954, 211 F.2d 944; United States v. Caufield, 7 Cir., 1953, 207 F.2d 278.

We think that the other points raised by the petitioner are wholly without merit and they will be denied without comment.

An appropriate order will be entered vacating the sentence on counts 2–10 imposed on petitioner on May 25, 1959, and denying the petition in all other respects.