STATE OF NORTH CAROLINA v. RAYMOND DEWITT HOWARD, JR.

No. 6910SC350

(Filed 23 July 1969)

1. **Constitutional Law § 32— right to counsel — preliminary hearing**
   Failure to provide defendant with counsel at a preliminary hearing does not violate any constitutional right.

2. **Criminal Law § 172— error cured by verdict — conviction of lesser offense**
   Where defendant is found guilty of a lesser degree of the crime charged, error relating to the graver offense will not be held prejudicial in the absence of a showing that the verdict of guilty of the lesser offense was affected thereby.

APPEAL by defendant from *Hobgood, J.,* at the 18 November 1968 Session of WAKE Superior Court. (Certiorari allowed 28 March 1969.)

By indictment proper in form, defendant was charged with the armed robbery of one H. K. Wall on 15 October 1968. Defendant was represented at trial, as he is here, by court-appointed attorney. He pleaded not guilty, the jury found him guilty of common law robbery, and from judgment imposing prison sentence of not less than seven years nor more than ten years, he appealed to this Court.

*Attorney General Robert Morgan and Deputy Attorney General James F. Bullock for the State.*

*Malcolm B. Grandy for defendant appellant.*

BRITT, J.

[1] Defendant's first assignment of error is that his constitutional right to counsel was violated. Inasmuch as the record on appeal, presumably prepared by defendant's attorney, does not disclose when counsel was appointed and defendant's brief does not specify as to when or in what respect defendant's right to counsel was violated, we can only speculate as to his contention. The record indicates that a warrant for defendant's arrest was issued on 15 October 1968, that on the same day he waived a preliminary hearing before a justice of the peace, and that bond for his appearance in superior court was set. We assume that defendant contends he was entitled to counsel at his preliminary hearing; if this is his contention, the question has been settled by our Supreme Court in the case of *Gasque v. State,* 271 N.C. 323, 156 S.E. 2d 740, where it was held that failure to provide a defendant with counsel at a preliminary hearing does not violate any constitutional right. See also *State v. Bentley,* 1 N.C. App. 365, 161 S.E. 2d 650. The assignment of error is overruled.

In the other three assignments of error brought forward in his brief, defendant contends (1) that the evidence was not sufficient to go to the jury on the question of armed robbery, (2) that the court erred in overruling his motion of nonsuit as to the charge of armed robbery, and (3) the court erred in charging the jury on armed robbery.

[2] We deem it unnecessary to relate the evidence here; suffice to say, we have carefully reviewed the evidence and the charge and hold that the evidence was sufficient to warrant the submission of the case to the jury on armed robbery and the charge is free from

prejudicial error. Furthermore, it will ·be noted that the jury returned a verdict of the lesser offense of common law robbery. It is well established in this jurisdiction that where a defendant is found guilty of a lesser degree of the crime charged, error relating to the graver offense will not be held prejudicial in the absence of a showing that the verdict of guilty of the lesser offense was affected thereby. 3 Strong, N.C. Index 2d, Criminal Law, § 172, p. 144. *State v. Casper*, 256 N.C. 99, 122 S.E. 2d 805; *State v. DeMai*, 227 N.C. 657, 44 S.E. 2d 218. Defendant has not shown that the verdict of guilty of common law robbery was affected by the submission of his case on armed robbery. The assignments of error are overruled.

The defendant received a fair trial, free from prejudicial error, and the sentence imposed was within the limits prescribed by statute.

No error.

MALLARD, C.J., and PARKER, J., concur.