STATE OF NORTH CAROLINA v. HERMAN MITCHELL

No. 6929SC521

(Filed 19 November 1969)

**1. Rape § 18— assault on a female — lesser included offense of assault with intent to rape**

Assault on a female by a male person is a lesser included offense in a proper bill of indictment charging an assault with intent to commit rape.

**2. Rape § 18— assault with intent to rape — presumption that defendant is over 18**

There is a presumption that a male person charged with an assault with intent to commit rape is over 18 years of age, with the burden on defendant to show as a matter of defense, relevant solely to punishment, that he was not over 18 years of age when the offense was committed.

**3. Rape § 17— assault with intent to commit rape defined**

In order to convict a male defendant of an assault with intent to commit rape, the State must prove that he assaulted the prosecutrix, that at the time of the assault he intended to gratify his passion on the person of the woman, and that he intended to do so at all events notwithstanding resistance on her part.

**4. Rape § 18— assault with intent to rape — sufficiency of evidence**

The State's evidence *is held* sufficient to be submitted to the jury on the issue of defendant's guilt of assault with intent to commit rape.

**5. Rape § 6— instructions on assault on a female**

In this prosecution upon an indictment charging assault with intent to commit rape, no prejudicial error was committed by the court in its instructions to the jury on the offense of assault on a female when the charge is considered contextually.

**6. Assault and Battery § 17— assault on a female — punishment — prior law — amendment to G.S. 14-33**

Prior to the enactment of Chapter 618, Session Laws of 1969, which rewrote G.S. 14-33, the maximum punishment for the crime of assault on a female by a male over the age of 18 was two years; under G.S. 14-33 as rewritten by the 1969 enactment, the maximum punishment for such crime is by fine not to exceed $500, imprisonment not to exceed six months, or both.

**7. Constitutional Law § 35; Criminal Law § 138; Assault and Battery § 17— assault on female prior to 1969 amendment to G.S. 14-33 — trial after amendment — maximum punishment**

A defendant sentenced for the crime of assault on a female after 28 May 1969, the effective date of the 1969 amendment which rewrote G.S. 14-33 and reduced the maximum sentence of imprisonment for that crime from two years to six months, is entitled to be sentenced under the provisions of G.S. 14-33 as it was constituted at the time he was sentenced, notwithstanding the crime was committed prior to the effective date of

the 1969 amendment, since defendant is entitled to the benefit of the more lenient punishment provided by the legislature while his trial was pending; therefore, sentence of imprisonment of two years imposed on 12 June 1969 for an assault on a female committed on 24 March 1969 is excessive.

**8. Criminal Law § 177— excessive sentence — remand for resentencing**

Where the court imposes a sentence in excess of the limit prescribed by law, the judgment must be vacated and the cause remanded for proper sentence, giving defendant credit for the time served under the excessive sentence.

APPEAL by defendant from *McLean, J.*, 9 June 1969 Criminal Session of Superior Court held in McDOWELL County.

Defendant was tried upon a bill of indictment charging him with an assault on Betty Fagan, a female, with intent to rape her.

Upon his plea of not guilty, trial was by jury. The jury returned a verdict of "guilty to assault on female."

From a judgment of imprisonment for two years, suspended upon certain conditions, the defendant appealed to the Court of Appeals.

*Attorney General Robert Morgan, Deputy Attorney General Jean A. Benoy, and Special Assistant Maurice W. Horne for the State.*

*Van Winkle, Buck, Wall, Starnes & Hyde by Emerson D. Wall and Herbert L. Hyde for the defendant appellant.*

MALLARD, C.J.

[1] Assault on a female by a male person is a lesser included offense in a proper bill of indictment charging an assault with intent to commit rape. 6 Strong, N.C. Index 2d, Rape and Allied Offenses, § 18.

The jury found that the defendant was "guilty to assault on female." In the judgment and commitment the record reads that the defendant was "found guilty of assault on a female, he being a male person over the age of 18 years of age." Defendant testified that he was 44 years of age.

In *State v. Beam*, 255 N.C. 347, 121 S.E. 2d 558 (1961), in which the Supreme Court found no error, the defendant was tried upon an indictment charging him with an assault on a female person with intent to commit rape. The jury returned a verdict of guilty of simple assault on a female. The trial judge imposed sentence of two years which was the maximum sentence that could be imposed

for the crime of assault on a female by a male person over the age of 18 years.

In *State v. Courtney,* 248 N.C. 447, 103 S.E. 2d 861 (1958), the Supreme Court found no error. The defendant Courtney was tried upon an indictment for rape. The jury returned a verdict of "guilty of assault on a female." The trial judge imposed a prison sentence of not less than 12 nor more than 18 months, which was more than could be imposed for a simple assault on a female unless the defendant was a male person over the age of 18 years.

[2] There is a presumption that a male person charged with an assault with intent to commit rape is over 18 years of age. If a defendant, so charged, is under 18 years of age, such is relevant only on the question of punishment. Age is a matter of defense, and the burden of establishing this defense is on him. *State v. Beam, supra; State v. Courtney, supra.*

In *State v. Beam, supra,* it was held that in a prosecution for an assault with intent to commit rape a verdict of "guilty of simple assault on a female" would support a sentence for an assault on a female by a male person over the age of 18 years when the defendant's own evidence discloses that he was over 18 years of age at the time of the commission of the assault, and no question of defendant's age was raised during the trial.

[3] In order to convict a male defendant of an assault with intent to commit rape, the State must prove that he assaulted the prosecuting witness, that at the time of the assault he intended to gratify his passion on the person of the woman, and that he intended to do so, at all events, notwithstanding resistence on her part. *State v. Gammons,* 260 N.C. 753, 133 S.E. 2d 649 (1963).

[4] The evidence, taken in the light most favorable to the State, tended to show that the crime of assault with intent to commit rape had been committed. We do not deem it necessary to summarize the evidence in this case. We hold that it was not error for the judge to charge the jury that they could return a verdict of guilty of assault with intent to commit rape. *State v. Howard,* 5 N.C. App. 509, 168 S.E. 2d 495 (1969).

[5] The defendant also assigns as error the instructions to the jury on the lesser included offense of assault on a female. When the charge is considered contextually, we are of the opinion and so hold that no prejudicial error is made to appear with respect to the instructions to the jury on the offense of assault on a female.

Defendant's other assignment of error is that the sentence of im-

prisonment for two years imposed was excessive and exceeded the maximum provided by statute. The defendant does not raise any question relating to the conditions upon which the two year prison sentence was suspended; therefore, we do not discuss it.

[6]   On 24 March 1969, the date of the assault alleged in the bill of indictment, the maximum punishment for the crime of assault on a female person by a male person over the age of 18 years was two years.

The defendant was tried during the week of 9 June 1969 and sentenced on 12 June 1969.

By Chapter 618 of the Session Laws of 1969, which became effective upon ratification on 28 May 1969, the General Assembly of North Carolina amended G.S. 14-33 by rewriting it in its entirety. The pertinent parts of G.S. 14-33, after such revision, read as follows:

". . . (b) Unless his conduct is covered under some other provision of law providing greater punishment, any person who commits any aggravated assault, assault and battery, or affray is guilty of a misdemeanor punishable as provided in Subsection (c) below. A person commits an aggravated assault or assault and battery if in the course of such assault or assault and battery he:

\*       \*       \*

"(4)   Assaults a female person, he being a male person;

\*       \*       \*

"(c) Any aggravated assault, assault and battery, or affray is punishable by a fine not to exceed five hundred dollars ($500.00), imprisonment not to exceed six (6) months, or both such fine and imprisonment if the offense is aggravated because of one of the following factors:

\*       \*       \*

"(2)   Assaulting a female, by a male person;"

Under the amended statute, an assault on a female by a male person is an aggravated assault.

[7]   In the instant case, we hold that upon the verdict "guilty to assault on female," the defendant should be sentenced for an aggravated assault under the provisions of G.S. 14-33(c), as amended by Chapter 618 of Session Laws of 1969. The statute, as amended, provides that the maximum punishment for this type of aggravated assault is by a fine not to exceed five hundred dollars ($500.00), imprisonment not to exceed six (6) months, or both such fine and imprisonment.

In the case of *State v. Pardon,* 272 N.C. 72, 157 S.E. 2d 698 (1967), the Supreme Court said:

" 'The rule is, not that the punishment cannot be *changed,* but that it cannot be *aggravated.' State v. Kent,* 65 N.C. 311, 312; 16 Am. Jur. 2d Constitutional Law §§ 400, 403 (1964). See *Sekt v. Justice's Court,* 26 Cal. 2d 297, 159 P. 2d 17; 167 A.L.R. 833. The legislature may always *remove* a burden imposed upon citizens for State purposes.

And, when this occurs pending an appeal, absent a saving clause, a manifest legislative intent to the contrary, or a constitutional prohibition, the appellate court must give effect to the new law. *State, use of Mayor & C. C. of Balto., vs. Norwood, et. al.,* 12 Md. 195. See *State v. Williams,* 45 Am. Dec. 741 (S.C.), 2 Richardson's Law 418; *Moorehead v. Hunter,* 198 F. 2d 52 (10th Cir.) (*habeas corpus* proceeding). Since the judgment is not final pending appeal 'the appellate court must dispose of the case under the law in force when its decision is given, even although to do so requires the reversal of a judgment which was right when rendered.' *Gulf, Col. & S. F. Ry. v. Dennis,* 224 U.S. 503, 506, 56 L. Ed. 860, 861, 32 S. Ct. 542, 543.

An amendatory act which imposes a lighter punishment can be constitutionally applied to acts committed before its passage. *In re Estrada, supra.* After a defendant, who did not appeal, has begun serving his sentence, a change or repeal of the law under which he was convicted does not affect his sentence absent a retrospective provision in the statute. . . ."

Applying the above general rule to the facts in this case, we are of the opinion and so hold that the defendant was entitled to be sentenced under the provisions of G.S. 14-33 as it was constituted at the time he was sentenced. The sentence of two years in this case for an assault on a female by a male over the age of 18 years was in excess of that permitted by the statute at the time the sentence· was imposed, although such a sentence would have been proper on the date of the commission of the crime. The defendant was entitled to the benefit of the more lenient punishment provided by the legislature while his trial was pending.

[8] "Where the court imposes a sentence in excess of the limit prescribed by law, the judgment must be vacated and the cause remanded for proper sentence, giving defendant credit for the time served under the excessive sentence." 3 Strong, N.C. Index 2d, Criminal Law, § 177. For the reasons stated, the judgment heretofore

pronounced in this case is vacated, and the cause is remanded to the Superior Court of McDowell County to the end that judgment may be imposed as provided by law.

Remanded for proper judgment.

MORRIS and HEDRICK, JJ., concur.