**UNITED STATES of America, Plaintiff,**

v.

**Charles ROBINSON, Defendant.**

**No. 71–CR–46.**

United States District Court, W. D. Wisconsin.

Feb. 3, 1972.

John O. Olson, U. S. Atty., James M. Bablitch, Asst. U. S. Atty., Madison, Wis., for plaintiff.

Melvin F. Greenberg, Madison, Wis., for defendant.

ROSENSTEIN, Senior Judge, Customs Court[1].

### OPINION AND ORDER

This matter is before the Court on defendant's motion to correct the sentence pronounced on November 22, 1971.

Prior to May 1, 1971, defendant was indicted and charged with having committed an offense on or about the 20th day of November 1970 in violation of 26 U.S.C. 4705(a)—a narcotic offense.

A jury trial was held and resulted in a verdict of guilty being returned on July 28, 1971. On August 9, 1971, defendant was adjudged guilty and sentenced to five (5) years under 18 U.S.C. 4208(a) (2).

On October 18, 1971, a hearing was held on the government's motion to correct the sentence. After hearing arguments of counsel, the defendant being present in person and by counsel, the Court struck from the original sentence the 18 U.S.C. 4208(a) (2) provision. This provision provides that a person

---

1. Sitting as District Judge for Western District of Wisconsin by designation of Chief Justice of United States.

shall be eligible for parole or probation as the parole board sees fit. The corrected sentence was imposed in accordance with the provisions of 26 U.S.C. 7237(d). That section provides that a person sentenced thereunder shall not be granted probation, that such a sentence shall not be suspended and further that the probation or parole provisions of 18 U.S.C. 4208 shall not apply.

The defendant contends that sections 26 U.S.C. 4705(a) and 26 U.S.C. 7237(d) were repealed by the Comprehensive Drug Abuse Prevention and Control Act of 1970. Defendant does not challenge the right of the government to prosecute after May 1, 1971, an alleged violation of 26 U.S.C. 4705(a) for which prosecution had commenced prior to that date. He vigorously contends that sentence may not be imposed under 26 U.S.C. 7237(d) after May 1 for a violation that may have occurred prior thereto. Defendant relies upon United States v. Stephens and Jacinto Roberto Silva-Leos et al. (9th Cir., Court of Appeals, 449 F.2d 103, decided September 29, 1971). *Stephens* strongly supports defendant's position.

For reasons hereinafter stated the Court has concluded that it should not follow the principle announced in *Stephens* and accordingly defendant's motion to correct an alleged illegal sentence is denied.

The 1970 Act specifically repeals sections 4705(a) and 7237(d) of 26 U.S.C., effective May 1, 1971. It is compiled as Public Law 91–513, Section 1101. That legislative act also contains a savings section which is designated as Section 1103. It provides in part as follows:

"Pending Proceedings. Sec. 1103(a) Prosecutions for any violation of law occurring prior to the effective date of section 1101 shall not be affected by the repeals or amendments made by such section or section 1102, or abated by reason thereof. * * *"

Defendant concedes that the above section does not prevent trial of defendant for a violation of 26 U.S.C. 4705(a) for an act committed prior to May 1, 1971. He does contend that 26 U.S. C. 7237(d) was repealed effective May 1, 1971, that prosecution does not include sentencing and that the prosecution terminates when a verdict is rendered by either a jury or the Court. This contention is supported by *Stephens.*

On the other hand the government contends that prosecution includes sentencing for the reason that a prosecution is concerned with the offender at every stage of a criminal proceeding and in order to complete a prosecution a judgment must be entered. That the judgment in a criminal case is the sentence. Among the cases cited by the plaintiff is United States v. Gonware (9th Cir.), 415 F.2d 82 (1969). Therein the Court defined prosecution as: Carrying on action until remedy is obtained. "Prosecution", said the Court, "was not completed until the defendant began *serving his sentence."*

The Supreme Court in Berman v. United States, 302 U.S. 211, 58 S.Ct. 164, 82 L. Ed. 204 (1937) held that sentencing constitutes a final determination on the merits of a criminal case. The Court in part said:

"Final judgment in a criminal case means sentence. The sentence is the judgment. * * *. It stood as a final determination of the merits of the criminal charge. To create finality it was necessary that petitioner's conviction should be followed by sentence. * * *."

*Stephens* and *Gonware* were both decided by the same court. *Gonware* is supported by the Supreme Court decision in *Berman.*

The 1970 Act specifically "saved" prosecutions for violations occurring prior to May 1, 1971. This Court being of the opinion that "prosecutions" include judgment and sentencing, the motion of the defendant must be denied.

If there was any doubt concerning the meaning of the savings clause in the 1970 Comprehensive Drug Abuse Pre-

vention and Control Act, and the Court does not believe there is any doubt, the same result would follow—that defendant's motion must be overruled—because of the express provisions of 1 U.S.C. § 109.

At common law the rule was established that when a criminal statute replaces another statute or reduces the amount of punishment, the defendant shall be entitled to the benefit of the new law, although his offense was committed prior to the effective date thereof, unless there is a general savings clause in the new act. United States v. Reisinger, 128 U.S. 398, 9 S.Ct. 99, 32 L.Ed. 480 (1888); Moorehead v. Hunter, 198 F.2d 52 (10th Cir. 1952).

Congress altered the common law rule by the enactment in 1871 of a general savings clause which, as subsequently amended, appears as 1 U.S.C. § 109 and reads as follows:

"The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purposes of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability".

Consistently since 1871, with the exception of *Stephens*, Section 109 has been held to preserve former punishment in a criminal case notwithstanding the passage of an act containing lesser punishment.

Illustrative of the holdings is Lovely v. United States, 175 F.2d 312 (4th Cir. 1949). There defendant was convicted of rape on a Federal reservation. The statute in force at the time of the commission of the offense provided for a sentence of death or life imprisonment. Prior to trial and sentencing, the penalty portion of the statute was amended to permit a sentence for any term of years. The District Court felt bound to sentence under the terms of the old law and the Fourth Circuit agreed citing 1 U.S.

C. § 109. In closing its opinion that Court said:

"The sentence imposed upon accused is undoubtedly severe—perhaps too severe. Congress in enacting (the new penalty statute) has indicated its conviction that a sentence of life imprisonment might be too harsh a penalty for at least some instances of rape. The District Judge, however, felt he had no discretion to impose a lesser punishment under the law governing accused's sentence. Any mitigation of the sentence in line with the present views of Congress must now be sought in the hands of the Executive where such discretion is lodged."

The same construction was given 1 U. S.C. § 109 by United States v. Kirby, 176 F.2d 101 (2nd Cir. 1949); Duffel v. United States, 95 U.S.App.D.C. 242, 221 F.2d 523 (1954); Hurwitz v. United States, 53 F.2d 552 (D.C.Cir. 1931); Moorehead v. Hunter, 198 F.2d 52 (10th Cir. 1952); United States v. Brown, 429 F.2d 566 (5th Cir. 1970); United States v. Segelman, 117 F.Supp. 507 (W.D.Pa. 1953), aff'd. 212 F.2d 88 (3rd Cir. 1954).