IN THE MATTER OF: TALTON GALLIMORE, JR. RESENTENCING HEAR-
ING

No. 8222SC145

(Filed 2 November 1982)

**1. Criminal Law § 139— minimum and maximum terms—statute in effect at resentencing**

The statute in effect at the time of defendant's resentencing, G.S. 15A-1351(b), applied to defendant's resentencing rather than the statute in effect at the time the crimes were committed, former G.S. 148-42.

**2. Criminal Law § 139— same maximum and minimum terms—sentences not improper**

Sentences of "ten years nor more than ten years" and "forty to forty years" were proper under G.S. 15A-1351(b) since the statute requires only the imposition of a maximum term with a minimum term being optional, and the fact that the two terms in each sentence are equal is acceptable as the judge could have seen them as both the minimum and maximum.

**3. Criminal Law § 138— refusal to continue resentencing hearing—no abuse of discretion**

The trial court did not abuse its discretion in refusing to grant a continuance of defendant's resentencing hearing to permit defendant to obtain the testimony of the warden of Central Prison where defendant had the benefit of an affidavit by the deputy warden which showed that his prison record had been good and that he was in poor health, and the warden's affidavit would not have added information important enough to warrant a continuance. G.S. 15A-1334(a).

**4. Criminal Law § 138.11— resentence similar to original sentence**

The fact that defendant's resentence was similar to his original sentence was not error where the resentence was authorized by law. G.S. 15A-1331(a)(3).

APPEAL by defendant from *Mills, Judge.* Sentence entered 28 August 1981 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 15 September 1982.

Defendant was convicted in 1967 of (1) conspiracy to commit larceny and (2) breaking and entering and larceny. He was sentenced to 7 to 10 years on the conspiracy charge and given a consecutive sentence of 7 to 10 years on the other charge. In 1968, he was convicted of conspiracy to commit murder, damaging an auto by the use of high explosives and damaging an occupied dwelling house by use of high explosives. He was given consecutive terms of 10, 20 and 40 years, respectively. The Supreme

Court later reversed the conviction for damage to an auto. *See State v. Conrad,* 275 N.C. 342, 168 S.E. 2d 39 (1969).

Pursuant to a petition by defendant to the United States District Court for the Middle District of North Carolina, Russell A. Eliason, United States Magistrate, on 2 June 1981 vacated the 1967 and 1968 sentences and ordered that defendant be resentenced. Defendant was resentenced on 28 August 1981 after evidence was received and arguments of both counsel heard.

Under his new sentences, defendant was given 7 to 10 years on the 1967 convictions, a concurrent sentence of "ten nor more than ten years" for the conspiracy to commit murder conviction and a sentence of "forty to forty years" on the damage to an occupied dwelling conviction, which would begin to run at the end of the conspiracy to commit murder conviction. He was given credit for time served minus the time that he was out on escape.

From the new sentences, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Walter M. Smith, for the State.*

*Barnes, Grimes and Bunce, by Jerry B. Grimes, for defendant-appellant.*

ARNOLD, Judge.

Defendant first attacks the sentence on the grounds that it was an indefinite indeterminate sentence and that there was no difference between the minimum and maximum periods. An indeterminate sentence is one where the court does not fix duration but only fixes maximum and minimum limits. Black's Law Dictionary 694 (5th ed. 1979).

Under G.S. 148-42, which was in effect at defendant's original sentencing, trial judges were "authorized in their discretion in sentencing prisoners to imprisonment to commit the prisoner to the custody of the Commissioner of Correction for a minimum and maximum term."

[1] But G.S. 148-42 was repealed in 1977. See, 1977 N.C. Sess. Laws Ch. 711, § 33. The law that replaced it was enacted that same year and was effective when defendant was resentenced in

1981. As a result, G.S. 15A-1351(b), and not G.S. 148-42, governed the resentence.

Application of the more recent statute in effect when defendant was resentenced is not unlike the facts and reasoning of *State v. Mitchell,* 6 N.C. App. 534, 170 S.E. 2d 355 (1969). In *Mitchell,* the court held that a defendant was entitled to be sentenced under an amended statute as it read at the time of sentencing, even though the crime was committed prior to the effective date of the amendment. Although *Mitchell* is not directly on point with this case, we find enough similarities to apply G.S. 15A-1351(b) to this case.

G.S. 15A-1351(b) requires only the imposition of a maximum term, with the statement of a minimum term as optional. The sentencing judge may also state that a term constitutes both the minimum and maximum terms.

[2]   The sentences imposed in this case are correct under G.S. 15A-1351(b). They both contain a maximum term which is required. Even if they do not contain a minimum term it is not error. Finally, the fact that the two terms in each sentence are equal is acceptable as the judge could have seen them as both the minimum and maximum.

[3]   On defendant's second assignment of error, we agree with the State that the court correctly refused to grant a continuance to allow the defendant to obtain the testimony of Central Prison Warden Sam Garrison. Before a continuance of the sentencing hearing will be granted the defendant must show "good cause." G.S. 15A-1334(a). That determination is within the trial judge's discretion. *State v. McLaurin,* 41 N.C. App. 552, 255 S.E. 2d 299 (1979), *cert. denied,* 300 N.C. 560, 270 S.E. 2d 113 (1980).

We find no abuse of discretion here where defendant had the benefit of an affidavit by the deputy warden. That affidavit showed that his prison record had been good, and that he was in poor health. Garrison's affidavit would not have added information important enough to warrant a continuance.

[4]   Finally, defendant finds error in that the 1981 resentence was similar to his original sentence. We find no error on this point because the resentence was within G.S. 15A-1331(a)(3), which applies no matter when a defendant's guilt was determined. It

states "[t]he criminal judgment against a person . . . may . . . include a sentence in accordance with the provisions of this Article to one or a combination of the following alternatives . . . [o]ther punishment authorized or required by law." There is no error since the resentence was authorized by law.

Affirmed.

Judges MARTIN and WHICHARD concur.