STATE OF NORTH CAROLINA v. ROBERT ELIHU MOREHEAD

No. 7218SC608

(Filed 20 September 1972)

1. Criminal Law § 162— admission of evidence over objection — failure of record to support contention

    Defendant's contention that the court admitted hearsay evidence over objection is untenable where the record shows the court sustained objections to the evidence and instructed the jury "not to consider what he said."

2. Criminal Law § 96— withdrawal of evidence — instructions to jury — presumption

    Where the court instructs the jury at the time of the withdrawal of testimony not to consider it, there is a presumption on appeal that the jury followed such instruction unless prejudice appears or is shown by appellant.

3. Criminal Law § 96— instruction to disregard testimony — sufficiency

    Trial court's instruction upon sustaining an objection to hearsay testimony, "And I will instruct the jury not to consider what he said," sufficiently informed the jury what it was to disregard.

4. Criminal Law § 42— sufficiency of identification of exhibit

    A wire allegedly used to gain entry to a locked automobile was sufficiently identified for its admission in evidence where a witness testified, "It looks like the wire you got there," and a police officer testified that he was given the same wire at the scene of defendant's arrest, although he wasn't positive who handed it to him.

APPEAL by defendant from *Armstrong, Judge,* 27 March 1972 Criminal Session of GUILFORD County Superior Court.

The defendant was charged with breaking and entering and larceny from a motor vehicle and entered a plea of not guilty.

Evidence for the State tended to show that defendant gained entry to a locked automobile by the use of a wire and that defendant removed a tape player and one tape therefrom. The State's evidence also tended to show that defendant's activity was observed by one Eddie Fowler, who, after notifying the police, held defendant at the point of an unloaded shotgun until police arrived at the scene.

Defendant did not testify and offered no evidence in his behalf. The jury found him guilty on both counts, and from

a judgment imposing a prison sentence of not less than two nor more than five years, defendant appealed.

*Attorney General Morgan, by Associate Attorney Boylan, for the State.*

*J. Dale Shepherd, Assistant Public Defender, Eighteenth Judicial District, for defendant appellant.*

MORRIS, Judge.

[1]  Defendant assigns as error the court's allowing into evidence hearsay testimony of a radio communication to a police officer after objection had been made and after the trial judge had warned the witness not to relate hearsay and failing properly to instruct the jury to disregard such testimony. The record reveals the following:

"MR. CLIFFORD:

Q. Go ahead and describe what you did when you got there, Mr. Fulcher?

A. (By the Witness) I was working the area close to A. & T. College, and I was on Sullivan Street this night around eight o'clock and heard Officer Hill in Car 23 receive a call.

MR. SHEPHERD: OBJECT

THE COURT: Don't say whatever—as a result of some call, did you go down there, Mr. Fulcher? That is all we want.

THE WITNESS: Right. I heard on the radio there was a larceny from an auto.

THE COURT: SUSTAINED. *And I will instruct the jury not to consider what he said.*

I have instructed you twice to just tell what you did after you got there." (Emphasis added.)

Defendant's contention that the court admitted hearsay evidence over objection is untenable. It is clear from the record that the court sustained defendant's objection in the first instance and, in the second, sustained an objection defendant had failed

to make. In the same breath the court instructed the jury "not to consider what he said."

[2, 3]   Where a court definitely instructs a jury at the time of the withdrawal of testimony not to consider it, there is a presumption on appeal that the jury followed such instruction, unless prejudice appears or is shown by the appellant in some way. *State v. Vicks,* 223 N.C. 384, 26 S.E. 2d 873 (1943). Yet defendant contends that the court's instruction failed to specify what the jury was to disregard. On the face of the record this exception is untenable. In the context above what could be more specific than, "[a]nd I will instruct the jury not to consider what he said." In any event, the testimony was non-prejudicial to the defendant.

[4]   Defendant's second assignment of error is that the court erred in admitting into evidence the wire believed to be the instrument used in the alleged crime absent a proper identification. State's witness Eddie Fowler testified, "[Y]es, I can identify State's Exhibit 3. It looks like the wire you got there—looks just like it." While the court at that point refused to admit the wire into evidence, the court later did so upon the testimony of Officer Davis, who stated that he was given the same wire on the night in question at the scene of defendant's arrest, even though he wasn't positive who handed it to him. State's Exhibit 3 was sufficiently identified by the witnesses, and any object which has a relevant connection to the case is admissible in evidence. *State v. Jarrett,* 271 N.C. 576, 157 S.E. 2d 4 (1967), cert. denied *Manning v. North Carolina,* 88 S.Ct. 128, 389 U.S. 865, 19 L.Ed. 2d 135 (1967).

Defendant's remaining assignments of error are to the failure of the court to dismiss the case as of nonsuit and to its refusal to set the verdict aside and arrest judgment. These assignments are all without merit. There was plenary evidence to warrant submission of the case to the jury and to substantiate the verdict.

No error.

Judges BROCK and HEDRICK concur.