STATE OF NORTH CAROLINA v. ELBANKS WHITE

No. 8023SC102

(Filed 2 September 1980)

1. **Jury § 6.3– examination of prospective juror – question concerning reasoning process**
   The trial court did not err in refusing to permit defendant to ask a prospective juror on *voir dire* examination whether she understood "that

State v. White

your personal opinion as to the facts not proven cannot be considered by you as a basis for your verdict."

2. **Rape § 4.3– prior conduct of prosecutrix – refusal to permit defendant to testify at voir dire**

    In this prosecution for assault with intent to commit rape, the trial court did not err in refusing to permit defendant to testify at a *voir dire* hearing to determine whether testimony as to prior conduct of the prosecutrix was admissible under G.S. 8-58.6(b)(3) as evidence of a pattern of sexual behavior closely resembling defendant's version of the alleged encounter and in postponing its ruling on the admissibility of the testimony of prior conduct until after it had heard defendant's version of the events in question.

3. **Rape § 4.3– prior sexual conduct of prosecutrix – inadmissibility**

    In a prosecution for kidnapping and assault with intent to commit rape in which defendant testified that the prosecutrix came to his house and "sat down on the bed and started to pull her clothes off," testimony by a defense witness that on a prior occasion the prosecutrix came to his house and started beating on him and "cuddled up" when he held her to stop her from hitting him was not evidence "of a pattern of sexual behavior so distinctive and so closely resembling defendant's version of the alleged encounter" so as to be admissible under G.S. 8-58.6(b)(3).

4. **Criminal Law § 42.6– admissibility of knife – showing of chain of custody not necessary**

    It was not necessary for the State to prove the chain of custody of a knife where the prosecutrix testified that the knife "looks like" the one used by defendant in kidnapping and assaulting her.

5. **Kidnapping § 1.2– child under sixteen – taking without consent of parents**

    Evidence that a child under the age of sixteen was at home without her parents and was taken from the home against her will is circumstantial evidence from which the jury may conclude beyond a reasonable doubt that the child was taken from the home without the consent of either parent.

6. **Criminal Law § 114.3– instructions – failure to use word "alleged" – no expression of opinion**

    The trial court did not express an opinion that defendant was guilty of kidnapping or assault with intent to commit rape when, on three occasions in the final mandate, he failed to use the word "alleged" before "assault with intent to commit rape" where the court was instructing the jury in each instance that it would have to be satisfied beyond a reasonable doubt that the confinement of the victim was an independent act separate from the assault with intent to commit rape in order to find defendant guilty of kidnapping.

APPEAL by defendant from *McConnell, Judge.* Judgment entered 2 August 1979 in Superior Court, WILKES County. Heard in the Court of Appeals 4 June 1980.

The defendant was convicted of kidnapping and assault with intent to commit rape. From an active sentence imposed, he appealed to this Court.

*Attorney General Edmisten, by Assistant Attorney General Douglas A. Johnston, for the State.*

*William C. Gray, Jr. for defendant appellant.*

WEBB, Judge.

The defendant has brought forward seven assignments of error. We discuss them seriatim.

[1] The defendant's first assignment of error deals with a question that he was not allowed to ask a prospective juror on the *voir dire* examination. The defendant's attorney propounded the following question to which an objection was sustained.

> "Mr. Gray: Do you understand, Mrs. Blevins, that your personal opinion as to the facts not proven cannot be considered by you as a basis for your verdict?"

In examining prospective jurors, counsel has the right to ask questions which may elicit information to determine whether challenge for cause exists and to enable counsel to exercise intelligently peremptory challenges. The regulation of the inquiry rests largely in the trial court's discretion. The trial courts have been affirmed in this state in excluding questions which tend to inquire into the reasoning process a juror would use in reaching a verdict. *See State v. Jackson*, 284 N.C. 321, 200 S.E. 2d 626 (1973); *State v. Washington*, 283 N.C. 175, 195 S.E. 2d 534 (1973); *State v. Bryant*, 282 N.C. 92, 191 S.E. 2d 745 (1972). We hold it was within the discretion of the trial court as to whether to allow the question excluded in this case.

[2] The defendant's second and third assignments of error deal with the exclusion of certain testimony under G.S. 8-58.6. The State's evidence was that the defendant had taken a 13-year-old girl from her home to his home against her will and attempted to rape her. The defendant tendered Randy Miller as a

witness who would have testified that on a previous occasion the prosecuting witness had come to his house without being invited and "talked for a while and then she started playing and started beating on me" and "cuddle[d] up" when he held her to stop her from hitting him. He then gave her a spanking. The court held a *voir dire* hearing at which the witness testified to the above evidence. The defendant offered to testify at the *voir dire* hearing to determine whether this testimony was admissible and the court refused to allow him to testify. The court stated it would rule on the admissibility of the witness's testimony after it had heard the defendant's version.

The defendant contends that the court erred in not allowing the defendant to testify at the *voir dire* hearing and in forcing the defendant to take the stand in order to make this evidence of the prosecuting witness's prior sexual conduct admissible. We hold this contention is without merit. If the testimony of the witness had been admissible under G.S. 8-58.6(b) it would be under subsection (3) which provides evidence is admissible which:

Is evidence of a pattern of sexual behavior so distinctive and so closely resembling the defendant's version of the alleged encounter with the complainant as to tend to prove that such complainant consented to the act or acts charged or behaved in such a manner as to lead the defendant reasonably to believe that the complainant consented ... .

At the time of the *voir dire*, the proffered testimony clearly did not resemble the version of the encounter which had been received into the evidence. The court was correct in waiting until a version closely resembling the proffered testimony was offered by the defendant. If it took his own testimony to offer this version, that is a judgment in trial tactics which the defendant had to make. The defendant's second and third assignments of error are overruled.

[3] The defendant's fourth assignment of error is to the exclusion of the testimony of Randy Miller. Defendant testified that the prosecuting witness came to his house. He said:

"I went to the door at that time. And it was Carolyn Card-well. I opened the door and she come on in. She said her daddy had gone to the break and she sat down on the bed and started pulling her clothes off. I had on just my shorts. Yes, sir, I had been laying down asleep. I looked over at her and well it kind of tickled me in a way, how little she was, and I just went and put my pants on."

In order for Randy Miller's testimony to be admissible it must be "so distinctive and so closely resembling the defendant's version of the alleged encounter" as to tend to prove the prosecuting witness consented or the defendant reasonably believed she consented to the alleged encounter. It is true that the version of the defendant and Randy Miller were similar in that each said the prosecuting witness came to his house. In the defendant's version "she started pulling her clothes off." In Randy Miller's version she started beating on him and "cuddle[d] up" when he held her. We do not believe these versions are "so distinctive and so closely resembling" that Randy Miller's testimony tends to prove the prosecuting witness consented or the defendant could have reasonably believed she consented to the alleged encounter. The defendant's fourth assignment of error is overruled.

[4] The defendant's fifth assignment of error is to the admission into evidence of a knife. The prosecuting witness testified that the defendant had a knife in his hand during a part of the time when he was assaulting her. A knife was handed to her and she testified "I seen the blade but I didn't exactly see the handle . . . It looks like the one he had." The defendant argues that a chain of custody was not proved. For this evidence it was not necessary to prove a chain of custody. *See State v. Morehead,* 16 N.C. App. 181, 191 S.E. 2d 440 (1972).

[5] The defendant's sixth assignment of error is to the court's failure to allow his motion to dismiss the charge of kidnapping. In the case sub judice, the evidence was that neither parent of the prosecuting witness was at home at the time she was taken from the home by the defendant. Both her parents testified, and neither testified she was taken from the home without his or

her consent. It is an element in the crime of kidnapping any person under the age of sixteen that the victim be removed without the consent of a parent or legal custodian. We hold that the evidence that a child is at home without her parents and is taken from the home against her will is circumstantial evidence from which the jury could conclude beyond a reasonable doubt it was done without the consent of either parent.

[6] The defendant's last assignment of error deals with the charge. The defendant contends that in his final mandate on the kidnapping charge, Judge McConnell expressed an opinion as to the guilt of the defendant by three times using the expression "assault with intent to commit rape" rather than "alleged assault with intent to commit rape." In each instance Judge McConnell was instructing the jury that they would have to be satisfied beyond a reasonable doubt that the confinement was an independent act separate from the assault with intent to rape in order to find the defendant guilty of kidnapping. We hold this was not an expression of opinion by the court that the defendant was guilty of kidnapping or assault with intent to commit rape.

No error.

Judges MARTIN (Harry C.) and WELLS concur.