State v. Andrews

---

STATE OF NORTH CAROLINA v. WILLARD PHILLIP ANDREWS

No. 8110SC845

(Filed 16 February 1982)

1. **Larceny § 7.4— possession of stolen property—sufficiency of evidence**
    In a prosecution for felonious possession of stolen goods, a witness's in-court identification of a diamond which had been stolen, cut from the ring, and remounted by the date of trial, was not so "inherently incredible" that the case should not have gone to the jury.

2. **Criminal Law § 42.6— stolen diamond—identification—chain of custody not necessary**
    In a prosecution for felonious possession of stolen goods, a witness's identification of a diamond, which was alleged to have been stolen, was proper without establishing a chain of custody.

APPEAL by defendant from *Preston, Judge.* Judgment entered 13 March 1981 in Superior Court, WAKE County. Heard in the Court of Appeals 14 January 1982.

Defendant was indicted for second degree burglary, felonious larceny, and felonious possession of stolen goods. The jury found defendant not guilty of second degree burglary and felonious larceny, but not guilty of felonious possession of stolen goods. Defendant appeals from a judgment of imprisonment.

*Attorney General Edmisten, by Assistant Attorney General Thomas H. Davis, Jr., for the State.*

*Upchurch, Galifianakis & McPherson, by William V. McPherson, Jr., for defendant-appellant.*

HILL, Judge.

The State's evidence tended to show that at 7:00 p.m. on the night of 13 October 1979, the family of Robert Beverly Herbert, Jr. left their house on Reid Street in Raleigh to attend a concert. The came home about 11:00 p.m., and Herbert's wife discovered that her jewelry box was empty. After discovering other evidence of theft, Herbert called the police. Herbert and the police discovered a heavily damaged side door and lock mechanism. "Both the lock mechanism and the door appeared as if someone had been prying at it with a crowbar or something." A few feet away, they discovered that the screen had been removed from the downstairs bathroom window, and the window had been pushed open from the bottom. Nothing was taken from the house but jewelry an silver items.

The only jewelry item recovered was Herbert's wife's diamond ring. Herbert testified that on 13 October, the emerald cut diamond, approximately eight-tenths of a carat, was set in white gold mounting with a yellow gold ring. Herbert further testified that

> [w]hen we got back what was returned to us, the diamond had been cut out. The ring was gone. The diamond was still in its original white gold prongs, but there was only a minute fraction, just say a sixteenth of an inch of the yellow gold visible on either side of that, and the rest of the ring had been cut away. So it was made into another ring just exactly like the first. It still has the original prongs.

Various silver items belonging to Herbert also were recovered.

The State offered additional evidence from Sandra Adams Andrews, defendant's cousin and sister-in-law, who testified under an agreement with the State. Andrews testified that she, her husband, and defendant had been involved in several break-ins. On the night of 14 October 1979, Andrews was at home when she saw defendant about 9:00 p.m. Defendant showed her a diamond and asked if she would buy it. "The stone was like an emerald cut, a stone, it was not a ring. It was a stone that was in the prongs." Andrews bought the diamond for $200. When she was shown at trial the diamond Herbert had mounted onto another ring, Andrews identified it as "the stone that I purchased from Willard Andrews, the top part. It was cut off, I'll say about here (indicating) and it was just this and the prongs."

Defendant offered evidence tending to show that he was in New Jersey on 13 October 1979. John Branca, defendant's former brother-in-law, testified that defendant brought a 1973 Gremlin automobile to his business, where Branca put on two tires, "adjusted his car and changed the oil in it." Defendant stayed in New Jersey for dinner on 14 October at approximately 2:00 p.m., and left around 4:30 p.m. Carmen Branca, also defendant's former brother-in-law, corroborated John Branca's testimony.

[1] In defendant's first two arguments, he challenges the sufficiency of Andrews' identification of the diamond allegedly stolen from Herbert's home and the sufficiency of that testimony to support his conviction of possession of stolen property.

Defendant correctly states that the identification of the diamond by Andrews is the only evidence which connects him with stolen property. Possession of such property, of course, is a necessary element of the offense of possessing stolen goods. *See* G.S. 14-71.1.

> While ordinarily the credibility of witnesses and the weight to be given their testimony is exclusively a matter for the jury, this rule does not apply when the only testimony justifying submission of the case to the jury is inherently incredible and in conflict with the physical conditions established by the State's own evidence.

*State v. Wilson*, 293 N.C. 47, 51, 235 S.E. 2d 219, 221 (1977). This rule is based upon *State v. Miller*, 270 N.C. 726, 154 S.E. 2d 902

(1967), which, defendant argues, supports his contention that Andrews' identification of the diamond is incredible. In *Wilson,* our Supreme Court interpreted *Miller* to have "no application where . . . 'there is a *reasonable possibility of observation* sufficient to permit subsequent identification.'" *State v. Wilson, supra,* at 52, 235 S.E. 2d at 222, *quoting State v. Miller, supra,* at 732, 154 S.E. 2d at 906 (emphasis added).

The State's evidence in the case *sub judice* indicates that Andrews described the diamond she saw on 14 October 1979 and noted that its mounting no longer had a ring attached. This scrutiny at the time of purchase clearly was sufficient to support Andrews' identification of the diamond presented at trial. The presence or absence of the ring attached to the diamond does not render the diamond materially changed and thereby unidentifiable. Thus, we do not find the identification so "inherently incredible" that the case should not have gone to the jury. In addition, the fact that Andrews' testimony on this matter is "[u]ncorroborated accomplice testimony," as defendant states, does not affect the sufficiency of that evidence to go to the jury. *See State v. Bailey,* 254 N.C. 380, 119 S.E. 2d 165 (1961). These arguments are without merit.

[2] Defendant's final argument alleges that there was no foundation laid for the receipt of the diamond and silver into evidence in that (1) the State failed to establish a chain of custody; (2) there was a substantial change in the condition of the diamond from the time of defendant's alleged possession of it and the trial; and (3) there was no competent evidence to link the stolen goods to defendant. Because of our determination of defendant's other arguments, we choose only to address (1) above.

The following rules are applicable to our decision:

> Objects offered as having played an actual, direct role in the incident giving rise to the trial are denoted "real evidence." [Citations omitted] Such evidence must be identified as the same object involved in the incident in order to be admissible. [Citation omitted] It must also be shown that since the incident in which it was involved the object has undergone no material change in its condition. [Citations omitted] . . . [W]hen a tangible object is offered it must be first authenticated or identified, "and this can be done only

State v. Andrews

by calling a witness, presenting the exhibit to him and asking him if he recognizes it and, if so, what it is." [Citation omitted]

There are no simple standards for determining whether an object sought to be offered in evidence has been sufficiently identified as being the same object involved in the incident giving rise to the trial and shown to have been unchanged in any material respect. . . . Consequently, the trial judge possesses and must exercise a *sound discretion* in determining the standard of certainty required to show that the object offered is the same as the object involved in the incident giving rise to the trial and that the object is in an unchanged condition.

*State v. Harbison,* 293 N.C. 474, 483-84, 238 S.E. 2d 449, 454 (1977) (emphasis added). "[W]hen the question is whether the article is one that the witness observed on a prior occasion, evidence that it 'looks like,' or even that it is 'similar to,' the object observed may be sufficient." 1 Stansbury's N.C. Evidence (Brandis rev. 1973) (1979 Cum. Supp.) § 117, p. 192, n. 2. Under these circumstances, a chain of custody need not be proven. *State v. White,* 48 N.C. App. 589, 269 S.E. 2d 323 (1980).

In the case *sub judice,* Andrews identified the diamond at trial as the same object she purchased on 14 October 1979. We have concluded that the diamond has not undergone any material change that would render it unidentifiable. In addition, the diamond was offered properly for identification. Therefore, we find that the trial judge did not abuse his discretion in allowing the identification of the diamond under these circumstances; Andrews' testimony was sufficiently certain to show that the diamond was the same.

Although we find none of the requisite predicates to the admission into evidence of the silver, the trial judge's error in admitting such evidence is harmless in light of our foregoing determinations.

In defendant's trial, we find

No error.

Judges HEDRICK and BECTON concur.