STATE OF NORTH CAROLINA v. ZEB JACKSON BLALOCK

No. 8514SC80

(Filed 1 October 1985)

1. **Assault and Battery § 13.1; Criminal Law § 34.7— competency of evidence of prior assaults and ill will**

   In a prosecution for felonious assault, evidence of defendant's prior assaults on the victim and other members of his family was relevant and competent to show his intent or motive, and evidence of ill will between the victim

and defendant was relevant and competent to rebut defendant's testimony that the victim was the aggressor and that he stabbed the victim in self-defense. G.S. 8C-1, Rule 404(b).

### 2. Criminal Law § 138 — aggravating factor — additional wounds

Evidence of the first and near fatal wound to the victim's abdomen was sufficient to sustain defendant's conviction for assault with a deadly weapon inflicting serious injury, and evidence that defendant inflicted two additional wounds upon the victim thus could be considered in sentencing without violating the proscription against use of evidence necessary to prove an element of the offense.

### 3. Criminal Law § 138 — aggravating factor — heinous, atrocious or cruel assault

The trial court properly found as an aggravating factor that an assault with a deadly weapon inflicting serious injury was especially heinous, atrocious or cruel where the perpetrator of the offense was the victim's father; the victim was stabbed with a large knife two more times than necessary to constitute the offense; the victim lost a considerable amount of blood and underwent surgery, during which his blood pressure dropped and his pulse stopped on two occasions; and partial paralysis which probably will be permanent resulted from one of the wounds.

APPEAL by defendant from *Bailey, Judge.* Judgment entered 12 July 1984 in Superior Court, DURHAM County. Heard in the Court of Appeals 19 September 1985.

Defendant was charged with assault with a deadly weapon with intent to kill inflicting serious injury. The State's evidence tended to show the following:

The victim, defendant's son, was reading by the kitchen light when defendant entered the kitchen. The victim noticed a butcher knife in defendant's pocket.

After preparing his dinner defendant turned off the kitchen lights. Immediately thereafter the victim walked over to the light switch and turned on the living room lights. When he turned around the victim noticed that defendant was standing directly behind the chair the victim had just vacated.

After arguing with the victim about the lights defendant went into his room and closed the door. The victim went into his own room and put his blackjack in his pocket. He then went back downstairs, entered defendant's room, and asked defendant what his problem was. When defendant did not respond the victim proceeded to probe defendant's person seeking the knife. When the victim moved away from defendant, defendant plunged the knife

into the victim's abdomen. While the victim was attempting to flee, defendant stabbed him further in the arm and groin.

Numerous altercations had occurred between the victim and defendant and between defendant and other members of his family.

Defendant testified as follows:

He had a butcher knife in his pocket because he had used it earlier in slaughtering hogs. He turned off the kitchen lights because they tended to shine under his bedroom door. He denied that he crept up behind the victim's chair after turning off the lights. When the victim entered defendant's room he kept his left hand hidden behind his hips. When the victim reached for defendant with his right hand defendant pushed him against the door and stabbed him. One or two weeks prior to the incident he and the victim fought and the victim threatened to kill him.

The jury found defendant guilty of assault with a deadly weapon inflicting serious injury. From a judgment of imprisonment, defendant appeals.

*Attorney General Thornburg, by Assistant Attorney General William N. Farrell, Jr., for the State.*

*Clayton, Myrick & McClanahan, by Jerry B. Clayton and Ronald G. Coulter, for defendant appellant.*

WHICHARD, Judge.

[1] Defendant contends the court erred in admitting evidence of his prior acts of violence against the victim and other members of his family. He argues that this evidence was irrelevant and highly prejudicial and that it did not fall within any of the recognized exceptions to the general rule excluding evidence of unrelated offenses in a prosecution for a particular offense.

The general rule is that evidence of other unrelated offenses is not admissible to prove the character of a defendant in order to show that he acted in conformity therewith. N.C. Gen. Stat. 8C-1, Rule 404(b); *see State v. McClain*, 240 N.C. 171, 174, 81 S.E. 2d 364, 365-66 (1954) (pre-Rules). Such evidence may be admissible for other purposes, however, "such as proof of motive, opportunity,

intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." N.C. Gen. Stat. 8C-1, Rule 404(b); *see McClain* at 175-76, 81 S.E. 2d at 366-67; *State v. Smith*, 61 N.C. App. 52, 57, 300 S.E. 2d 403, 407 (1983) ("proof of independent crimes is competent to show *quo animo*, intent, design, guilty knowledge or scienter, or to make out the *res gestae*").

Here the evidence of defendant's prior assaults on the victim and other members of his family was relevant and competent to show his intent or motive. The evidence of ill will between the victim and defendant was relevant and competent to rebut defendant's testimony that the victim was the aggressor and that he stabbed the victim in self-defense. We thus hold that the evidence was properly admitted.

Defendant contends the court erred in finding as an aggravating factor that the offense was especially heinous, atrocious, or cruel. *See* N.C. Gen. Stat. 15A-1340.4(a)(1)(f). He argues (1) that the evidence used to prove this factor was necessary to prove an element of the offense, (2) that the torture or excessive brutality necessary to render the offense especially heinous, atrocious or cruel was not shown, and (3) that the finding of this factor resulted in a sentence based on non-statutory and impermissible factors.

"Evidence necessary to prove an element of the offense may not be used to prove any factor in aggravation . . . ." N.C. Gen. Stat. 15A-1340.4(a)(1); *see State v. Massey*, 62 N.C. App. 66, 69, 302 S.E. 2d 262, 264, *modified and affirmed*, 309 N.C. 625, 308 S.E. 2d 332 (1983). One act constituting an offense suffices to sustain a conviction, however, and repeated instances of the offense may properly be considered an aggravating circumstance. *State v. Abee*, 308 N.C. 379, 381, 302 S.E. 2d 230, 231 (1983). "Where proof of one act constituting an offense is sufficient to sustain a defendant's conviction, multiple acts of the same offense are relevant to the question of sentencing, including whether the offense charged was especially heinous, atrocious, or cruel." *State v. Blackwelder*, 309 N.C. 410, 413 n. 1, 306 S.E. 2d 783, 786 n. 1 (1983); *see also State v. Thompson*, 309 N.C. 421, 422 n. 1, 307 S.E. 2d 156, 158 n. 1 (1983).

[2] Here evidence of the first and near fatal wound to the victim's abdomen was sufficient to sustain the conviction for as-

sault with a deadly weapon inflicting serious injury. The evidence that defendant inflicted two additional wounds upon the victim, one of which could have been fatal, was not evidence necessary to prove an element of the offense. It thus could be considered in sentencing without violating the proscription against use of evidence necessary to prove an element of the offense. *Blackwelder, supra; Thompson, supra.*

[3] In determining whether an offense is especially heinous, atrocious, or cruel, "the focus should be on whether the facts . . . disclose *excessive* brutality, or physical pain, psychological suffering, or dehumanizing aspects *not normally present in that offense.*" *Blackwelder* at 414, 306 S.E. 2d at 786. The presence of multiple acts of the same offense is relevant in determining the question. *Id.* at 413 n. 1, 306 S.E. 2d at 786 n. 1.

The perpetrator of the offense here was the victim's father. This in itself rendered the offense dehumanizing beyond the normal. In addition the victim was stabbed with a large knife two times more than necessary to constitute the offense. As a result he lost a considerable amount of blood and underwent surgery, during which his blood pressure dropped and his pulse stopped on two occasions. Partial paralysis which probably will be permanent resulted from one of the wounds. We hold these facts sufficient to establish brutality, pain, suffering and dehumanization beyond the norm for the offense.

The final prong of this argument, *viz,* that the finding of this factor resulted in a sentence based on non-statutory and impermissible factors, is also without merit. That an offense "was especially heinous, atrocious, or cruel" is a statutory aggravating factor, N.C. Gen. Stat. 15A-1340.4(a)(1)(f); application of the foregoing authorities to the evidence presented establishes that it was permissibly found here.

No error.

Judges WELLS and PHILLIPS concur.