STATE OF NORTH CAROLINA v. TERRENCE JOSE BUSH

No. 856SC712

(Filed 21 January 1986)

**1. Robbery § 4.3— robbery of mother with hatchet—evidence sufficient**
    The trial court did not err by denying defendant's motion to dismiss an armed robbery charge for insufficient evidence where the evidence showed that defendant had not worked for a time before the crimes occurred; defendant borrowed $10 from his uncle the day before the crimes; on the day of the crimes defendant asked his uncle for additional money; defendant's mother had between $100 and $200 in her pocketbook on the evening when the crimes occurred; defendant entered his mother's bedroom and pulled a hatchet from beneath his coat; defendant held the hatchet by its end and asked his mother how much money she had and where it was; defendant's mother was then hit on the head and her next memory was of being in the hospital; the next morning defendant's uncle observed the mother's pocketbook on the floor of her bedroom; the pocketbook was open and checks and coins lay on the floor; the pocketbook contained no money when it was observed by the investigating officer; and defendant had money in his possession on the day following the crimes.

State v. Bush

**2. Criminal Law § 42.4— armed robbery with hatchet—hatchet introduced—no error**

The trial court did not commit prejudicial error in a prosecution for armed robbery and assault with a deadly weapon with intent to kill inflicting serious injury by allowing the State to have a hatchet marked as an exhibit and displayed to the jury during interrogation of the State's witnesses. The evidence showed that defendant lived with his grandmother, that the hatchet was one the grandmother kept at her home, and that defendant had previously used it; moreover, there was substantial evidence that defendant used a hatchet to commit the crimes and the hatchet displayed merely illustrated the type of weapon used. N.C.G.S. 15A-1443(a).

**3. Criminal Law § 113.3— instruction on identification—request not in writing— issue not raised by evidence—request denied**

The trial court did not err in a prosecution for armed robbery and assault by denying defendant's request for an instruction on identification where the request was not in writing and the evidence presented no question as to whether the victim accurately identified the perpetrator. N.C.G.S. 1-181, N.C.G.S. 15A-1232.

**4. Criminal Law §§ 33.2, 113.2— instruction on motive—evidence of defendant's need for funds—no error**

The trial court did not err in a prosecution for armed robbery by instructing on motive where there was evidence that defendant had attempted to borrow money prior to the crime. That evidence was relevant to show defendant's need for funds and justified the charge. N.C.G.S. 15A-1232.

**5. Criminal Law § 29.1— motion for independent psychiatric exam denied—psychiatric evaluation at Dix Hospital—no error**

The trial court did not err by denying defendant's motion for an independent psychiatric exam in a prosecution for armed robbery and assault where the court found without objection or exception that defendant had received a psychiatric evaluation at Dorothea Dix Hospital, but the record does not contain a report of that evaluation. The record thus reveals that the State provided the defendant with competent psychiatric assistance and there was no basis for finding a violation of defendant's constitutional rights. N.C.G.S. 7A-450(b).

**6. Criminal Law § 138— refusal to continue sentencing hearing—no cause shown —no error**

The trial court in a prosecution for armed robbery and assault did not err by refusing defendant's request for a one and one-half hour continuance of the sentencing hearing where defendant offered no reason why the sentencing hearing should not proceed. N.C.G.S. 15A-1334(a).

**7. Criminal Law § 138.34— history of drug use—no link with crime—no mitigating factor**

The trial court did not err when sentencing defendant for armed robbery and assault by failing to find as a mitigating factor that defendant had a history of using drugs where the evidence showed only that defendant used marijuana and did not establish any link between defendant's use of marijuana and his culpability for the crimes. N.C.G.S. 15A-1340.4(a)(2)(d).

**8. Criminal Law § 138.21— armed robbery of mother with hatchet—especially heinous, atrocious or cruel**

The trial court did not err in a prosecution for armed robbery by finding as an aggravating factor that the offense was especially heinous, atrocious or cruel where defendant assaulted and robbed his mother with a hatchet. The armed robbery of a mother by her son produces psychological suffering and victim dehumanization beyond that normally present in armed robbery offenses. N.C.G.S. 15A-1340.4(a)(1)(f).

APPEAL by defendant from *Smith, Donald L., Judge.* Judgments entered 2 April 1985 in Superior Court, HERTFORD County. Heard in the Court of Appeals 18 November 1985.

Defendant appeals from judgments of imprisonment entered upon verdicts of guilty of armed robbery and assault with a deadly weapon with intent to kill inflicting serious injury.

*Attorney General Thornburg, by Assistant Attorney General David R. Minges, for the State.*

*Taylor & McLean, by Donnie R. Taylor, for defendant appellant.*

WHICHARD, Judge.

[1] Defendant contends the court erred in denying his motions to dismiss the armed robbery charge for insufficiency of the evidence and in instructing the jury on that offense. He relies primarily on *State v. Holland,* 234 N.C. 354, 67 S.E. 2d 272 (1951).

The test applied in *Holland* was that the evidence " 'must be of such a nature and so connected or related as to point unerringly to the defendant's guilt and to exclude any other reasonable hypothesis.' " *Holland* at 359, 67 S.E. 2d at 275, *quoting State v. Harvey,* 228 N.C. 62, 64, 44 S.E. 2d 472, 474 (1947). That test no longer applies. *See State v. James,* 77 N.C. App. 219, 220-21, 334 S.E. 2d 452, 453 (1985). The proper test is whether there is substantial evidence of all material elements of the offense. *Id.* "If the evidence . . . gives rise to a reasonable inference of guilt, it is for . . . the jury to decide whether the facts shown satisfy them beyond a reasonable doubt of defendant's guilt." *State v. Jones,* 303 N.C. 500, 504, 279 S.E. 2d 835, 838 (1981).

The evidence, in pertinent part, showed that:

Defendant had not worked for a period of time as to which the evidence conflicted. On the day before the crimes occurred he borrowed $10.00 from his uncle to buy gas, and on the day the crimes occurred he asked the uncle for additional money.

On the evening when the crimes occurred defendant's mother had between $100.00 and $200.00 in her pocketbook. Defendant entered his mother's bedroom and pulled a hatchet from beneath his coat. He held the hatchet by its end as he asked his mother how much money she had and where it was. His mother was then hit on the head. Her next memory was of being in the hospital.

The next morning defendant's uncle observed the mother's pocketbook on the floor of her bedroom. The pocketbook was open; checks and coins lay on the floor. When an investigating officer observed the pocketbook it contained no money. On the day following the crimes defendant had money in his possession.

We hold that the foregoing constituted substantial evidence from which the jury could reasonably infer that defendant committed the robbery. The court thus did not err in denying the motions to dismiss and in instructing on the robbery offense.

[2] The court allowed the State, over objection, to have a hatchet marked as an exhibit and displayed to the jury during interrogation of the State's witnesses. Defendant argues that the witnesses could only testify that this hatchet "looked similar" to or "look[ed] the same" as the one used in perpetrating the crimes, and that since no evidence connected the particular hatchet to the crimes it had no logical relevance and the court should not have allowed the witnesses to testify regarding it.

The evidence showed that defendant lived with his grandmother, that the hatchet was one the grandmother kept at her home, and that defendant had previously used it. Defendant thus had access to the particular hatchet, and it was at least the same as or similar to the one used in perpetrating the crimes. This evidence sufficed to establish a relevant connection between the hatchet and the crimes. *See State v. Andrews*, 56 N.C. App. 91, 95, 286 S.E. 2d 850, 853, *disc. rev. denied and appeal dismissed*, 305 N.C. 587, 292 S.E. 2d 7 (1982); *State v. White*, 48 N.C. App. 589, 593, 269 S.E. 2d 323, 325 (1980); *State v. Morehead*, 16 N.C. App. 181, 183, 191 S.E. 2d 440, 442 (1972).

Assuming error, *arguendo*, we hold it nonprejudicial. There was substantial evidence that defendant used a hatchet to commit the crimes, and the hatchet displayed merely illustrated the type of weapon used. There is no reasonable possibility that the jury would have reached a different result absent display of this exhibit. *See* N.C. Gen. Stat. 15A-1443(a). We thus find this contention without merit.

[3] Defendant contends the court erred in denying his request for "an instruction on . . . identification." The court stated, as one reason for its denial, that the request was not in writing. *See* N.C. Gen. Stat. 1-181. Moreover, the evidence presented no question as to whether the victim accurately identified the perpetrator. The victim's identification testimony was not equivocal. The defense presented was not mistaken identification but alibi, *i.e.*, that defendant was somewhere else when the crimes occurred. The court thus could "declare and explain the law arising on the evidence," N.C. Gen. Stat. 15A-1232, without instructing on identification. It did instruct on the alibi defense. This contention is without merit.

[4] Defendant contends the court erred by instructing on motive. He argues that evidence that he attempted to borrow money prior to the crimes is "too speculative to be of any probative value and did not justify . . . [the] charge."

The evidence that defendant attempted to borrow money on the day before and the day of the crime was relevant to show his need for funds. *State v. Romero*, 56 N.C. App. 48, 54, 286 S.E. 2d 903, 907, *disc. rev. denied*, 306 N.C. 391, 294 S.E. 2d 218 (1982); *see* 1 H. Brandis, North Carolina Evidence Sec. 83 at 304-06. Since the evidence was properly admitted, it was proper for the court to instruct thereon in explaining the law arising on the evidence. N.C. Gen. Stat. 15A-1232.

[5] Defendant contends the court erred in denying his motion for an independent psychiatric examination. He argues that the examination was necessary to aid in determining whether to pursue an insanity defense at trial and whether to seek a finding of a mitigating factor based on mental condition at sentencing.

There is no violation of an indigent defendant's constitutional rights to due process and equal protection by the trial court's

refusal to appoint an additional psychiatric expert where the State has provided competent psychiatric assistance. *State v. Barranco*, 73 N.C. App. 502, 506, 326 S.E. 2d 903, 907 (1985), citing *State v. Easterling*, 300 N.C. 594, 268 S.E. 2d 800 (1980), and *State v. Patterson*, 288 N.C. 553, 220 S.E. 2d 600 (1975), *death sentence vacated*, 428 U.S. 904, 96 S.Ct. 3211, 49 L.Ed. 2d 1211 (1976). In denying the motion the court found, without objection or exception, that defendant, on his motion, had received a psychiatric evaluation at Dorothea Dix Hospital. The record does not contain a report of that evaluation. Thus, so far as the record reveals the State has provided defendant with competent psychiatric assistance, and we have no basis for finding a violation of his constitutional rights.

Defendant's constitutional argument is based in part on *Ake v. Oklahoma*, 470 U.S. ---, 105 S.Ct. 1087, 84 L.Ed. 2d 53 (1985). The holding of *Ake* is "that when a defendant has made a preliminary showing that his sanity at the time of the offense is likely to be a significant factor at trial, the Constitution requires that a State provide access to a psychiatrist's assistance on this issue, if the defendant cannot otherwise afford one." 470 U.S. at ---, 105 S.Ct. at 1097, 84 L.Ed. 2d at 60. The record contains no basis for finding that defendant made a preliminary showing that his sanity at the time of the offenses was likely to be a significant factor at trial. Assuming that such a showing was made, the record contains no basis for finding that the psychiatric assistance the State provided failed to meet the requirements of *Ake*.

The statutory right of an indigent criminal defendant to expert assistance is based upon N.C. Gen. Stat. 7A-450(b), which requires the State to provide the defendant "with counsel and other necessary expenses of representation." *Barranco, supra*. Our Supreme Court has interpreted the provision for "other necessary expenses of representation" to require expert assistance "only upon a showing by defendant that there is a reasonable likelihood that it will materially assist the defendant in the preparation of his defense or that without such help it is probable that defendant will not receive a fair trial." *State v. Gray*, 292 N.C. 270, 278, 233 S.E. 2d 905, 911 (1977). The decision as to whether such a showing is made depends upon the circumstances of each case, is within the sound discretion of the trial judge, and will not be disturbed on appeal absent an abuse of that discretion. *State v.*

*Tatum*, 291 N.C. 73, 82, 229 S.E. 2d 562, 567-68 (1976); *Barranco* at 507, 326 S.E. 2d at 907.

The record does not contain evidence offered in support of defendant's motion. As noted, the court found, without objection or exception, that defendant had received a psychiatric evaluation at Dorothea Dix Hospital. The record does not contain a report on that evaluation. We thus find no basis for concluding that the appointment of an additional psychiatrist would have materially assisted defendant or that he was denied a fair trial by the refusal to grant his request.

[6] Defendant contends the court erred in failing to grant his request for a one and one-half hour continuance of the sentencing hearing. After the jury returned its verdict and was polled, the court asked, "Anything else for the defendant?" Defense counsel responded, "Your Honor, may we pray judgment at 2 o'clock?" The court replied, "No, sir. We're going to get rid of it right now." Defense counsel did not object and offered no reason why the hearing should not proceed at that time.

A defendant must show "good cause" for continuance of a sentencing hearing. G.S. 15A-1334(a). That determination is within the trial court's discretion. *In re Gallimore*, 59 N.C. App. 338, 340, 296 S.E. 2d 509, 511 (1982); *State v. McLaurin*, 41 N.C. App. 552, 555, 255 S.E. 2d 299, 301 (1979), *cert. denied*, 300 N.C. 560, 270 S.E. 2d 113 (1980). Because defendant offered no reason why the hearing should not proceed, he failed to show "good cause" for the continuance and the court did not abuse its discretion in denying his request.

[7] Defendant contends the court erred in failing to find as a mitigating factor that he had a history of using drugs. He apparently relies on the following statutory mitigating factor: "The defendant was suffering from a mental or physical condition that was insufficient to constitute a defense but significantly reduced his culpability for the offense." N.C. Gen. Stat. 15A-1340.4(a)(2)(d).

The State's evidence at trial showed that defendant was not living with his mother because she had asked him to leave the house "[f]or taking drugs." Defendant confirmed this in his testimony, indicating that he only smoked marijuana. At the sentencing hearing no evidence was presented regarding defendant's use

of drugs. The only representation by counsel was: "[Defendant] tells me that he's got no problems with drugs and he does use marijuana. He admitted that to me, but as far as hard drugs, he's just not."

"While a mental or physical condition, such as [drug abuse], may be capable of reducing a defendant's culpability for an offense, . . . evidence that the condition exists, without more, does not mandate consideration as a mitigating factor." *State v. Salters*, 65 N.C. App. 31, 36, 308 S.E. 2d 512, 516 (1983), *disc. rev. denied*, 310 N.C. 479, 312 S.E. 2d 889 (1984); *see also State v. Grier*, 70 N.C. App. 40, 47-49, 318 S.E. 2d 889, 894-95 (1984). The evidence here showed only that defendant used marijuana. It did not establish any link between defendant's use of marijuana and his culpability for the crimes. The court thus was not required to find his use of marijuana as a mitigating factor. *Salters, supra; Grier, supra.*

[8] The court found as an aggravating factor that each offense was especially heinous, atrocious or cruel. N.C. Gen. Stat. 15A-1340.4(a)(1)(f). Since only a single blow was necessary to prove an element of the assault offense, and the evidence established the infliction of multiple blows, defendant correctly concedes that the court could properly find this factor as to the assault offense. *See State v. Abee*, 308 N.C. 379, 302 S.E. 2d 230 (1983). He argues, however, that the factor was improperly found as to the armed robbery offense.[1]

In determining whether an offense is especially heinous, atrocious, or cruel, "the focus should be on whether the facts . . . disclose *excessive* brutality, or physical pain, psychological suffering, or dehumanizing aspects *not normally present in that offense*." *State v. Blackwelder*, 309 N.C. 410, 414, 306 S.E. 2d 783, 786 (1983). Clearly evidence of the assault established brutality not normally present in an armed robbery. Because the assault was a joined offense of which defendant was contemporaneously convicted, however, to aggravate the robbery offense based on evidence of the assault would be improper. *See State v. West-*

---

1. We note that defendant had previously stated in his brief that "there was ample evidence that the crime was especially heinous."

*moreland*, 314 N.C. 442, 448-50, 334 S.E. 2d 223, 227-28 (1985); *State v. Lattimore*, 310 N.C. 295, 299, 311 S.E. 2d 876, 879 (1984); *State v. Knox*, 78 N.C. App. 493, 337 S.E. 2d 154 (1985).

The only other evidence on which the court could have based the finding was that of the parent-child relationship between the victim and the defendant. In *State v. Blalock*, 77 N.C. App. 201, 334 S.E. 2d 441 (1985), a father was convicted of assaulting his son with a deadly weapon inflicting serious injury. This Court held proper a finding that the offense was especially heinous, atrocious, or cruel, stating: "The perpetrator of the offense . . . was the victim's father. This in itself rendered the offense dehumanizing beyond the normal." *Blalock* at 205, 334 S.E. 2d at 444. This statement is equally applicable to the converse situation presented here. In the usual armed robbery the perpetrator and the victim are strangers. The victim's psychological reaction thus does not involve emotions which the parent-child relationship evokes. The armed robbery of a mother by her son, by contrast, involves those emotions and thus produces psychological suffering and victim dehumanization beyond that normally present in armed robbery offenses. We thus hold that application of the *Blackwelder* test to the facts presented renders proper the finding that the armed robbery offense was especially heinous, atrocious, or cruel.

We caution, however, that the "especially heinous, atrocious, or cruel" factor cannot be based on a parent-child relationship when, as for example in incest, the relationship is an element of the offense. N.C. Gen. Stat. 15A-1340.4(a)(1); *see State v. Young*, 67 N.C. App. 139, 143-44, 312 S.E. 2d 665, 669 (1984). We caution further that the holdings here and in *Blalock* are grounded in the unique nature of the parent-child relationship and do not necessarily extend to other degrees of consanguinity. We note that our Supreme Court, without discussing the effect of the relationship involved, has held the finding of the "especially heinous, atrocious, or cruel" factor to be error in a case in which the defendant pled guilty to second degree murder in the death of his brother. *State v. Higson*, 310 N.C. 418, 423, 312 S.E. 2d 437, 440 (1984).

We find that defendant had a fair trial free from prejudicial error.

No error.

Chief Judge HEDRICK and Judge JOHNSON concur.