STATE v. SHADRICK

[99 N.C. App. 354 (1990)]

___

STATE OF NORTH CAROLINA, PLAINTIFF-APPELLEE v. ALLEN GREGORY SHADRICK, DEFENDANT-APPELLANT

No. 9021SC42

(Filed 3 July 1990)

**Criminal Law § 1145 (NCI4th) — aggravating circumstance of especially heinous, atrocious, or cruel offense — sufficiency of evidence**

It was proper for the trial court to find that an involuntary manslaughter was especially heinous, atrocious, or cruel where the evidence tended to show that defendant and the victim were husband and wife; prior to the victim's death, defendant assaulted her by pushing her and pulling her by the hair of her head; defendant placed a gun to the victim's head and clicked the trigger; and defendant burned the victim's clothes in her presence and burned her pubic hair. N.C.G.S. § 15A-1340.4(a)(1)f.

**Am Jur 2d, Homicide §§ 70, 87.**

APPEAL by defendant from judgment entered 8 August 1989 in FORSYTH County Superior Court by *Judge Thomas W. Ross.* Heard in the Court of Appeals 8 June 1990.

Defendant was charged in a true bill of indictment with the first degree murder of his wife; however, pursuant to a plea arrangement, he pled guilty to the lesser offense of involuntary manslaughter. In sentencing defendant, the court found as an aggravating factor that the offense was especially heinous, atrocious, or cruel; found two statutory mitigating factors; concluded that the one aggravating factor outweighed the mitigating factors; and sentenced defendant to a term of imprisonment in excess of the presumptive term. From the judgment entered, defendant appeals.

STATE v. SHADRICK

[99 N.C. App. 354 (1990)]

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General John R. Corne, for the State.*

*White & Crumpler, by J. Matthew Dillon and David F. Tamer, for defendant-appellant.*

WELLS, Judge.

Defendant argues there is insufficient evidence in the record to support the aggravating factor found by the court and therefore it was error for the court to sentence him to a term of imprisonment in excess of the presumptive term. The transcript shows that the court, in pronouncing its judgment, specifically found that on the day of the offense and prior to the victim's death, defendant assaulted the victim, his wife, by pushing her and pulling her by the hair of her head, that defendant placed a gun to the victim's head and clicked the trigger, and that defendant burned the victim's clothes in her presence and burned her pubic hair. Based on these findings and the evidence presented at the sentencing hearing, the court found that the facts disclosed excessive psychological suffering and dehumanizing aspects not normally present in the offense of involuntary manslaughter and that the preponderance of the evidence showed the existence of the aggravating factor set forth at N.C. Gen. Stat. § 15A-1340.4(a)(1)(f) (1988) ("[t]he offense was especially heinous, atrocious, or cruel").

In determining whether an offense is especially heinous, atrocious, or cruel, the focus should be on whether the facts of the case disclose excessive brutality or physical pain, psychological suffering, or dehumanizing aspects not normally present in that offense. *State v. Blackwelder*, 309 N.C. 410, 306 S.E.2d 783 (1983). The transcript shows that the sentencing court correctly applied that legal standard in determining this aggravating factor was present in this case. The findings made by the court in support of this aggravating factor are supported by ample, competent evidence in the record. Those findings and the evidence presented are sufficient to support the finding of this factor. The court's determination that the facts of this case disclose excessive psychological suffering and dehumanizing aspects not normally present in the offense of involuntary manslaughter is also supported by evidence in the record that shows the relationship between defendant and the victim was that of husband and wife, a relationship not normally present with respect to this offense. *See State*

*v. Blalock*, 77 N.C. App. 201, 334 S.E.2d 441 (1985) (defendant was victim's father).

We conclude that it was proper for the court to find the offense was especially heinous, atrocious, or cruel, and we therefore affirm the judgment entered.

Affirmed.

Judges JOHNSON and EAGLES concur.